THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES L. VAN WERT, Relator, *v.* CHARLES E. WATSON, Sheriff of Broome County, Respondent.

Supreme Court, Broome County, January 12, 1927.

Children's Court — jurisdiction — habeas corpus to release relator from arrest under warrant charging non-support and abandonment issued out of Children's Court of Broome county — motion for counsel fees and alimony in action for separation was pending in Supreme Court at time of issuance of said warrant — Children's Court had jurisdiction of relator — warrant is not illegal — relator's remedy is to apply for relief either in Children's Court or in Supreme Court.

Relator, who was arrested upon a warrant issued out of the Children's Court of Broome county upon a charge of non-support and abandonment of his wife and infant child, is not entitled to release upon habeas corpus on the ground that the warrant for his arrest is illegal and void in that said Children's Court had no jurisdiction by reason of the fact that there was pending at the time of the issuance of the warrant, and is now pending in the Supreme Court of Broome county, an action for separation between the relator and his wife, in which action there is pending for determination a motion of said wife for counsel fees and alimony, for the Children's Court, having obtained jurisdiction of the person of the relator and of the subject-matter of the controversy, could lawfully issue its process presumably without any knowledge or information of the pending proceeding in the Supreme Court; its jurisdiction did not depend upon extrinsic facts of which it may have had no knowledge.

The relator should make application either to the Children's Court or to the Supreme Court and show the facts relative to the conflict of jurisdiction and ask for relief.

APPLICATION by relator for release from arrest under warrant issued out of the Children's Court of Broome county.

*Walter J. Relihan*, for the relator.

*Frederick J. Meagher*, for the respondent.

RHODES, J.   The relator was arrested upon a warrant issued on December 18, 1926, out of the Children's Court of Broome county, upon a charge of non-support and abandonment of his wife and infant child.   Thereupon relator obtained a writ of habeas corpus alleging that his arrest under said warrant was illegal in that the Children's Court has no jurisdiction in the premises by reason of the fact that there was then and is now pending in the Supreme Court, Broome county, an action for a separation between the relator and his said wife, in which action a motion of the said wife for counsel fees and alimony has been argued and is now pending undecided.

33

The question raised involves the jurisdiction of the Children's Court established by chapter 547 of the Laws of 1922. Subdivision 2 of section 5 of that act (as amd. by Laws of 1924, chap. 436) provides, in part, as follows: " * * *. Whenever the welfare of a child is involved, the children's court in each county shall have within such county exclusive original jurisdiction, subject to the jurisdiction of a court of record in a civil action or proceeding, to inquire into, hear and determine the liability of any person who abuses, neglects or wilfully fails to provide for the proper maintenance of his wife or and child, or and of a mother who abuses, neglects or wilfully fails to provide for proper maintenance or care of her child and who has gone away and left her children without any care; of any person charged with abandonment or nonsupport of a wife or and child; of any parent of any child committed pursuant to any provision of law, or of any other person required by law to support or maintain such a child."

The relator contends that the Supreme Court having obtained jurisdiction of the person of the defendant and of the subject-matter of the controversy, the Children's Court had no jurisdiction and that any process issued by the Children's Court relative thereto would be null, void and illegal. I think this contention cannot be upheld. When the proper facts were presented to the Children's Court it obtained jurisdiction under the statute and lawfully issued its process, presumably without any knowledge or information of the pending proceeding in the Supreme Court. That jurisdiction the Children's Court had full authority to exercise subject to the superior jurisdiction of the Supreme Court. Its jurisdiction did not depend upon extrinsic facts of which it may have had no knowledge. It seems to me the relator had two courses of action available after the service of the warrant upon him. He could present to the Children's Court the facts showing the pendency of the action in the Supreme Court and it is to be assumed that upon such facts being presented the judge of the Children's Court would make suitable disposition of the case in view of these facts. If a satisfactory disposition should not be made by the Children's Court, or in the first instance without application to the Children's Court, the relator could apply to the Supreme Court showing the facts and thereupon the Supreme Court could make suitable disposition of the matter, and, if necessary, stay proceedings in the Children's Court or remit the parties to the Children's Court for further consideration and disposition of the matter. It is true that the Supreme Court has superior authority, but the Children's Court certainly has jurisdiction until such time as the Supreme Court on proper application shall order a stay of proceedings in the

Children's Court.  A similar case arose in California in the case of *Dupes* v. *Superior Court* (176 Cal. 440).  It was there held that the fact that a litigation was pending in the Superior Court between parents, and that an order regarding the custody of the children had been made therein, did not prevent the exercise of the power of the Juvenile Court relative to proceedings concerning such children.

The relator is not without redress herein because of any conflict of jurisdiction, but he has not followed the proper procedure.  He seeks here to be discharged from custody because of his contention that the warrant under which he was arrested was illegal and void, but the Children's Court had full authority to issue the warrant and it is valid and binding.  The relator should make application either to the Children's Court or to this court, showing the facts relative to the conflict of jurisdiction, and ask for relief, and upon such application no doubt a proper disposition of the matter will be made, not because the warrant is illegal, but because of such additional facts entitling him to relief.

The application of the relator is, therefore, dismissed, and he is ordered remanded into the custody of the sheriff under said warrant of arrest.