MARGARET R. MAGNER, Complainant, *v.* JOHN P. MAGNER, Respondent.*

Children's Court, Westchester County, September, 1932.

* See, also, *Matter of Magner* v. *Smyth* (144 Misc. 840).

*Frank Fallon,* for the complainant.

*Benjamin Shiverts,* for the respondent.

SMYTH, J. A petition was filed by respondent's wife praying that he be required, in accordance with section 6, subdivision 2, of the Children's Court Act of the State of New York (Laws of 1922, chap. 547, as amd. by Laws of 1930, chap. 393), to make provision for herself and the minor child of the marriage. Certain testimony was taken, upon which and a stipulation entered into between the parties in open court through their respective counsel, a judgment was entered on May 11, 1932. The judgment directed the respondent to pay twenty-five dollars per week for the support of wife and child, without prejudice to an application of either party to modify judgment and to take further proof. The respondent moves on September 9, 1932, in effect, to vacate the judgment in so far as it provides for support for the wife from and after August 13, 1932, and to reduce the amount to a sum adequate for the support of the child alone. The complainant, on the other hand, charges the respondent with willful disobedience to the judgment, in that he has failed to pay since August 19, 1932, and prays that he be required to conform to the judgment.

I shall consider first the respondent's application. It is based on the ground that the respondent on August 13, 1932, commenced, in the Supreme Court of Westchester county, an action for separation from his wife. He contends that the commencement of such action automatically deprived this court of further jurisdiction

over the subject-matter of the proceeding in so far as it affects the wife. He relies on section 6, subdivision 2, of the Children's Court Act, which provides that "subject to the jurisdiction of a court of record in a civil action or proceeding," the Children's Court shall have jurisdiction to hear and determine the liability of a husband who fails to provide for the proper maintenance of his wife or child.

When the proceeding was commenced in this court, the court undoubtedly had exclusive jurisdiction, and such jurisdiction continued until such time at least as a court of record assumed the determination of the issues involved in the alleged non-support of the wife and child. The mere commencement of a separation action by the husband against the wife does not constitute an assumption by the Supreme Court of such jurisdiction. The right to apply for alimony in such action is a privilege incidental thereto. It is not obligatory on the wife to make such application, and unless she does so that issue is not before the Supreme Court. She may, if she chooses, continue to rely upon the judgment secured in the Children's Court, and she cannot be forced against her will to abandon the protection which the Children's Court judgment affords her, and to pursue her remedy in the Supreme Court. That, in effect, is what the respondent seeks to compel her to do by this motion. If she should apply to the Supreme Court for alimony, and an order should be made upon such application, this court would undoubtedly take appropriate action to subject its judgment to that of the higher court. The motion of the respondent will be denied with leave to renew should the occasion arise.

It follows that the refusal of the respondent to conform to the judgment of this court on and after August 19, 1932, has been willful and violative of the provisions thereof. Respondent's counsel frankly states that no question exists as to the respondent's financial ability to comply with the judgment and that his refusal to do so has been based upon counsel's advice that this court had lost jurisdiction over the matter. Respondent will, therefore, be granted until September sixteenth at ten A. M. to pay the arrears, and if they are not paid he is further ordered to appear before the court in White Plains at that hour for further disposition.