MAX ROSENBERG, Respondent, *v.* PAULINE ROSENBERG, Appellant.

First Department, June 21, 1934.

*Irving Rosenberg,* for the appellant.

*Morton M. Einstein* of counsel [*Edward V. Morand* with him on the brief; *Morton M. Einstein,* attorney], for the respondent.

UNTERMYER, J.  The plaintiff instituted this action against his wife for the annulment of their marriage upon two causes of action in the complaint.  The first cause of action alleges that the defendant was incapable of contracting marriage on account of insanity; the second, that the plaintiff was induced to marry the defendant by false and fraudulent representations that she was sane. Although the court made findings of fact to the effect " that no competent evidence was submitted " of the defendant's insanity or of any fraudulent representations made by the defendant for the purpose of inducing the marriage, it dismissed the complaint " not upon the merits, but upon failure of proof and without prejudice."  It further provided that the defendant should not be entitled to any alimony.  The custody of the children of the marriage the court awarded to the maternal grandparents until such time as the plaintiff could suitably provide for them.  In the meantime the plaintiff was directed to pay a specified sum weekly to the maternal grandparents for the support and maintenance of the children.

The defendant insists that the dismissal should have been upon the merits.  We think it was within the power of the court to dismiss the complaint without prejudice to another action for the same cause.  Upon the evidence (not included in the record on this appeal) the court appears to have been of the opinion that proof existed, which it was not possible for the plaintiff to secure at the trial, entitling him to succeed if a new action were begun. But having dismissed the complaint, the court had no authority to make any direction concerning alimony or the custody and support of the children of the parties.  " It would be an anomaly in legal proceedings to allow a complainant, who had failed to establish a claim to the principal relief sought, to have a decree against the defendant for the mere incidents to that relief."  (*Davis* v. *Davis,* 75 N. Y. 221.)  (See, also, *Fein* v. *Fein,* 261 N. Y. 441; *People ex rel. McCanliss* v. *McCanliss,* 255 id. 456.)  For this reason the judgment must be modified in this respect.

The appeal also brings up for review an order of December 23, 1933, made after the trial of the annulment action was concluded but before the court had rendered its opinion in that action, which relieves the Children's Court of Westchester county of jurisdiction

to require provision to be made for the support of the children of the parties and declares that the Supreme Court of Bronx county will control their custody, care and maintenance. It is attempted to sustain this order by subdivision 2 of section 6 of the Children's Court Act (Laws of 1922, chap. 547, as amd.), which provides that the jurisdiction of the Children's Court in each county shall be " subject to the jurisdiction of a court of record." This can only mean that the Children's Court is divested of its jurisdiction when a court of record has *exercised* its superior jurisdiction to control the care or custody of children. We do not understand this provision to mean that the mere institution or pendency of an action or proceeding in which the care and custody of children may eventually be determined will authorize a court of record to restrain the Children's Court in the meantime from exercising its statutory powers. Otherwise there will be a period of time, sometimes of long duration, when neither court will be in a position to take action in the interest of the children. At the time this order was made the Children's Court had exercised jurisdiction by making provision for the support of the children. It had made no provision for the support of the defendant. The Supreme Court had made an award of temporary alimony to the defendant, but had made no provision for the support of the children. There was, therefore, at that time no conflict justifying interference with the jurisdiction of the Children's Court.

The judgment appealed from should be modified by eliminating from the judgment all provisions concerning the defendant's right to alimony and the custody and support of the children of the marriage, and as so modified affirmed, without costs. The order relieving the Children's Court of jurisdiction should be reversed, and the motion denied.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment modified by eliminating from said judgment all provisions concerning the defendant's right to alimony and the custody and support of the children of the marriage, and as so modified affirmed, without costs. Order appealed from relieving the Children's Court of jurisdiction reversed and motion denied. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.