BESSIE GREENZANG, Petitioner, *v.* MICHAEL GREENZANG, Respondent.

Domestic Relations Court of City of New York, Family Court, Kings County, December 14, 1938.

*Herman P. Rosenblatt,* for the petitioner.
*Rosenbluth & Rosenbluth,* for the respondent.

PANKEN, J. The situation presented in this case is paradoxical. It is anomalous. Clarification of the law is necessary.

A petition was filed in this court on or about the 21st of November, 1934. On or about the 25th of February, 1935, a temporary order was made requiring the respondent to contribute fifteen dollars weekly for the support of his wife and minor children. Thereafter, a final order was made requiring the respondent to pay fifteen dollars weekly for the support of his dependents.

An action was also instituted by this petitioner, and as plaintiff, in the Supreme Court of the State of New York, Kings county. An order was made by the Supreme Court requiring the respondent to pay the sum of twenty dollars weekly for the support of his dependents. Thus, two separate actions were pending in two different forums; each of these forums having jurisdiction of the parties and the *res* as presented to them.

The respondent defaulted on the orders made in both courts. He failed to comply with the order in this court and also failed to respond to the order entered in the Supreme Court of the State of New York. Application was made to the Supreme Court, State of New York, Kings county, to punish the respondent herein for contempt of said court, and an order adjudging him in contempt was entered by the court. Application was made, because of the default by the respondent herein, to require him to post a bond to secure the payments as ordered.

Accordingly, in September, 1938, an order was made in this court requiring the respondent to post a bond in the sum of $250 in cash and, in default thereof, stand committed to the workhouse of the city of New York for a period of three months. The respondent posted the bond as ordered and the petitioner herein received fifteen dollars weekly out of the fund so created in compliance with the order existing in the Domestic Relations Court of the City of New York.

Some few weeks after the posting of the bond as ordered by this court the respondent was apprehended by an order of arrest issuing out of the Supreme Court, State of New York, Kings county, on the adjudication that he was in contempt of the said court.

An application was made to me by the surety to release the balance of the money posted by him as security for the faithful performance of the order existing in this court. It is this application that is under consideration at this time.

The Supreme Court of the State of New York has the power to punish a person in contempt of its order by lodging him in jail, and under its powers it may permit the contumacious person to purge himself of contempt either by the posting of a bond or by an agreement to comply with the order made by it, or as may seem proper and deemed advisable by the court.

This court, in a proceeding between the same parties, has required the contumacious person in the Supreme Court to file a bond as a guaranty that he will comply with its order. That bond was filed. The anomalous situation is that, despite the fact that the respondent has complied with the order in this court, he still is guilty of contempt of an order entered against him in the Supreme Court of the State of New York. Had he failed to post a bond as required under an order of the Domestic Relations Court of the City of New York he would have been lodged in the workhouse because of the default. The order entered in the Supreme Court in the State of New York adjudging him in contempt was at that time existing. Having filed the bond pursuant to an order in this court, he was not discharged from the obligation to comply with the order made against him in the Supreme Court of the State of New York nor did he purge himself of any contempt of the Supreme Court thereby.

No person may be placed in jeopardy twice for the same offense. That has been the law for centuries. Contempt of court may not be defined as criminal conduct or a charge for contempt may not be regarded as criminal. Likewise, an appearance in the Domestic Relations Court of the City of New York on a petition for failure to support dependents is not a criminal charge. (*Matter of Kane* v. *Necci*, 269 N. Y. 13.)

In the instant case, however, the liberty of the respondent is put in jeopardy twice and he apparently might be punished and actually incarcerated twice for what amounts to but one offense.

Multiplicity of actions is discouraged; the well-settled law of our State disapproves of that. Litigants are not, under the law, permitted to harass their opponents by the institution of more than one proceeding involving the same state of facts. Because of the possibility of a party to a matrimonial contract becoming a public charge during the pendency of an action in the Supreme Court, and also where no provision has been made in the Supreme Court for the support of the dependent for good reason at the time of the disposition of the litigation in such court and proof of changed circumstances, the Domestic Relations Court of the City of New York, by section 137 of chapter 482 of the Laws of 1933 and amendments thereto, is empowered by order to provide for the support of a dependent wife. The act also gives the Domestic Relations Court of the City of New York the power to make provision for support of a dependent wife within the limits of an order of the Supreme Court.

There has been no expression of opinion by this court directly on the point involved in this application; nor has there been a direct statement of the law on this question by the Court of Appeals since the establishment of the Domestic Relations Court of the City of New York.

In the case of *People* v. *Schenkel* (258 N. Y. 224) the court said: " The criminal courts are not the proper forum for the determination of marital disputes. The husband's obligation of support continues as long as the marriage relation is not dissolved or limited by a decree of divorce or separation. It ceases when such a decree is made, except as otherwise provided in the decree." Further on in the body of the opinion this significant statement occurs: " Rights and obligations are usually relative. The obligation though unsatisfied is a shadow when right to enforce it is lost. In the civil courts the relative rights and obligations of the parties to a marriage, like other relative rights and obligations, must be adjudged in accordance with the conduct of the parties. There, at times, fault may be balanced against fault and obligation dissolved by loss of right to enforce it."

As pointed out in the case of *People* v. *Schenkel* (*supra*), the criminal courts are not the proper forum for the determination of marital disputes and rights. Certainly, the civil courts are as limited in the right to punish as are the criminal courts. What may not be done to a person charged and convicted of a crime, surely cannot be done to a person who is not charged and found guilty of an act which does not amount to a crime.

A petitioner having elected to engage her spouse in battle in two arenas will not be permitted by the law to invoke the power of the courts to punish her spouse twice for the same offense, to wit, for failure to provide for the support of herself and their children.

Section 157 of the Domestic Relations Court Act reads: " A surety may at any time surrender a respondent to the court. The respondent shall thereupon be dealt with as provided in the order for support. If the arrears on the order for support with interest thereon are paid in full, the court may make an order discharging the surety of any further liability and directing the return of the balance of the cash on deposit to the person entitled thereto."

The surety before me on whose behalf the application herein is made may surrender the respondent and whatever balance there may be of the cash on deposit returned to him. That, it seems to me, is not necessary in this proceeding; nor, though it may be practical, will such course be in furtherance of the protection of the rights of the respondent. . Upon surrender of the respondent to the court by the surety legally he is again deprived of his liberty until an order is made by the court as provided for in section 157 of the Domestic Relations Court Act.

The problem presented in this application is not an isolated one. It presents itself at frequent intervals, if not factually exactly as in this case, it does present itself repeatedly in so far as multiplicity of actions either by petitioner or the respondent on the same state of facts.

Proceedings pending both in the Supreme Court and the Domestic Relations Court in which the relief asked for is identical are before this court frequently.

Under subdivision 6 of section 92 of the act, the court has the power to make an order for the support of a wife even though she had left her home under certain conditions. In effect that amounts to power in this court to require a spouse to provide separate maintenance for his wife.

Aside from all of the above, this court has the power, under section 137 of the Domestic Relations Court Act, to make provision for the support of a dependent wife though an order awarding alimony had been made by the Supreme Court.

Not infrequently both petitioners and respondents avail themselves of the jurisdiction of the Supreme Court and the Domestic Relations Court sometimes to harass a spouse, sometimes to chance it in the hope of obtaining a greater or a lesser award from the one or the other court, and both the Supreme Court and the Domestic Relations Court are sometimes used by one or the other spouse as a means to vent spleen upon the other party to the marital contract.

Whatever remedy there may be for the situation that has developed in consequence of this double jurisdiction does not lie with the courts. It is a matter which requires legislation.

On the application herein, to require the fund posted in compliance with the order to remain with the support bureau of the court, in face of the fact that respondent is complying with the order made by the Supreme Court and is under said order paying to the petitioner the sum of twenty dollars weekly, would amount to a deprivation of a substantial right. The purpose of the order requiring the posting of a bond was to assure the petitioner that respondent would make provision for the support of herself and her dependent children. That support is now available. The respondent, in purging himself of contempt of the Supreme Court, is complying with its order and contributing twenty dollars weekly for the support of his wife and children.

Justice compels the return of the balance of the fund to the surety who had in the first instance posted the bond.

Settle order on three days' notice.