In the Matter of the Application of EDWARD M. JAMES, Petitioner, for a Prohibition Order against the DOMESTIC RELATIONS COURT OF THE CITY OF NEW YORK and FLORENCE S. JAMES, Respondents.

Supreme Court, Special Term, Bronx County, October 29, 1940.

*Edward M. James*, appearing in person.

*William C. Chanler, Corporation Counsel* [*Rose Schneph* of counsel], for the City of New York.

HAMMER, J.   This is an application by a petitioning husband for an order of prohibition to the respondent wife and the Family Branch of the Domestic Relations Court from proceeding with an action or proceeding pending there at the institution of the wife.

The Supreme Court in an action by the wife against the husband entered judgment of separation under which the husband was directed to pay the wife $4,000 per year in monthly installments. Later, upon the wife's motion to punish the husband for failure to comply with the terms of the judgment, and the husband's application for modification of the judgment, he was required to pay forty per cent of his earnings pending the hearing before a referee. Thereafter, upon the referee's report, on August 9, 1940, by order the husband was adjudged in contempt and fined $250, which he was directed to pay at the rate of five dollars per week in addition to current alimony.   Upon his application under section 1172-a of the Civil Practice Act on a showing of a change of circumstances and financial inability, on August 19, 1940, an order was made relieving the husband from the contempt order of August 9, 1940, without prejudice to a renewal of the application by the wife to punish on showing a material change of circumstances and financial ability.   That the Family Court has jurisdiction upon the petition of the wife to compel support upon a proper showing of the facts within the limits of the order of the Supreme Court where a divorce, separation or annulment has been granted to the petitioner by the Supreme Court, is the clear provision of section 137 of the Domestic Relations Court Act, the validity of which has been adjudicated. (*Matter of Curry* v. *Curry*, 275 N. Y. 553.)   There being jurisdiction in the Family Court under the act, the Supreme Court would not prohibit that court from entertaining a petition for support, even upon a purported showing of a determination there contrary to the order or judgment here, but would rely entirely upon the exercise

there of a circumspect observance of the determination here, and a proper exercise of discretion and decision upon the facts there shown. If there be error in any decision given the proper and only available remedy is furnished by appeal.