"Anna Varney," Petitioner, *v.* "Edward Varney," Respondent.*

Domestic Relations Court of New York, Family Court, Kings County, March 4, 1942.

*Abraham Epstein,* for the petitioner.

*Harry Kupansky,* for the respondent.

* This opinion as here published substitutes fictitious surnames and disguises certain other details, in consonance with the spirit of section 52 of the Domestic Relations Court Act of the City of New York.

SICHER, J. Petitioner's application involves the recurrent question of the meaning and effect of section 137 of the Domestic Relations Court Act of the City of New York and of *Matter of Costa* v. *Costa* (247 App. Div. 192).

Upon the wife's petition respondent was ordered on September 20, 1939, to pay into this court ten dollars a week toward the support of petitioner and the parties' child.

On October 28, 1940, that weekly sum was modified to eight dollars; but such reduction was coupled with a direction for payment also of two dollars each week on account of the then arrears of seventy-eight dollars.

On January 13, 1941, those arrears were fixed at the increased amount of $136, and the other provisions of said October 28, 1940, order duly renewed.

On June 30, 1941, that order was again continued.

The next step in this court was the appearance of both parties with counsel on December 16, 1941, and the submission of the then controversy about arrears upon the following stipulated facts:

On October 21, 1941, petitioner commenced in the Supreme Court, Queens county, an action for separation; on November 29, 1941, an order was entered therein directing respondent to pay to petitioner, for her support and the child's maintenance, the weekly sum of $10, commencing November 12, 1941, and continuing during the pendency of the action; such temporary alimony order has been duly performed; the arrears accrued under the aforementioned October 28, 1940, order of this court, as at the date of the commencement of the separation action, were $135; nothing has been paid by respondent to petitioner to cover the interval between October 21, 1941, and November 12, 1941; respondent's earnings are still $33 a week; petitioner earned up to December 12, 1941, an average of $15 a week, and she is not likely to become a public charge.

Counsel have furnished, and I have considered, copies of the pleadings in a separation action, the November 29, 1941, temporary alimony order, and the supporting and opposing affidavits therein recited.

Upon the foregoing facts, is there jurisdiction to make at this time any order as to the arrears which accrued in this court up to the beginning date of the now operative Supreme Court temporary alimony order; and, if such power exists, to what, if any, extent should it be exercised as a matter of discretion?

Section 91 of the Domestic Relations Court Act of the City of New York provides:

" § 91. Jurisdiction. The family court shall have

" (1) Jurisdiction *within the city* to hear and determine *all* proceedings to compel the support of a wife, child or poor relative." (Italics supplied.)

Section 92 of that act further provides:

" § 92. Powers. In the exercise of its jurisdiction the court shall have power

" (1) To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties. * * *

" (3) To require of persons legally chargeable with the support of a wife, child * * * the payment * * * of a fair and reasonable sum for such support, or as a contribution towards such support * * * provided, however, that the amount that the court may require a respondent to pay for the support of the petitioner shall not exceed fifty dollars a week."

Thus, except for such maximum award limitation and the restrictions, if any, imposed by section 137 of the Domestic Relations Court Act, the Family Court Division of the Domestic Relations Court of the City of New York functions within its powers co-ordinately with the Supreme Court of the State of New York. It cannot grant a decree of divorce or separation or annulment but is vested with a jurisdiction to order support (up to fifty dollars a week) for wives and children (under seventeen years of age) which is concurrent with the power of the Supreme Court of the State of New York to order support incidentally to a matrimonial action (*Johnson* v. *Johnson*, 206 N. Y. 561) — likewise a statutory jurisdiction only. (See *Matter of Bedrick* v. *Bedrick*, 151 Misc. 4; affd., 241 App. Div. 807; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.) And such support jurisdiction conferred upon the Family Court Division by the Domestic Relations Court Act of the City of New York is less circumscribed than the analogous jurisdiction of courts governed by the " Children's Court Act of the State of New York " (a statute inoperative within the city of New York). For, subdivision 2 of section 6 of the Children's Court Act expressly provides that the original jurisdiction of each Children's Court is " subject to the jurisdiction of a court of record in a civil action or proceeding;" so, the power of any Children's Court to order support of a wife or child ceases immediately when and if a court of record assumes jurisdiction of the identical issue involved in the particular support obligation controversy. (See *Magner* v. *Magner*, 144 Misc. 740; *Matter of Magner* v. *Smyth*, Id. 840; *Rosenberg* v. *Rosenberg*, 241 App. Div. 411. Cf. *People ex rel. Van Wert* v. *Watson*, 128 Misc. 513.)

There is no like express direction for automatic overriding of the support jurisdiction of the Family Court Division of the Domestic Relations Court of the City of New York. Such stops as may exist stem only from the *implications* of section 137 of the Domestic Relations Court Act or general principles of orderly procedure.

For convenience of analysis, the cases involving the relations of the Supreme Court and Family Court respective jurisdictions may be grouped under the following categories:

Category one: The wife first commences an action for separation, divorce or annulment in the Supreme Court; and while such action is still pending and undetermined, she files in the Family Court a petition for support of herself and/or children;

Category two: The husband has commenced in the Supreme Court an action for separation, divorce or annulment; and while such action is still pending and undetermined, the wife files in the Family Court a petition for the support of herself and/or children,

Category three: The wife first procures from the Family Court an order for support for herself and/or children, and thereafter commences in the Supreme Court an action for separation, divorce or annulment;

Category four: After petition has been filed in the Family Court by the wife, the husband commences in the Supreme Court an action for separation, divorce or annulment;

Category five: After final decree of separation, or after final decree of divorce or annulment dissolving a marriage of which there is issue, petition is filed in the Family Court for the support of the wife and/or children.

Except for the provisions of section 137 of the Domestic Relations Court Act, acceptance of a wife's petition in the Family Court during the pendency of an action in the Supreme Court, whether instituted by her (Category one) or by the husband (Category two), would be precluded by the settled doctrine that when " separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it." (*Colson* v. *Pelgram*, 259 N. Y. 370, 375. Cf. *Matter of Farrell*, 125 App. Div. 702, 704.)

Nevertheless section 137 of the Domestic Relations Court Act confers on the Family Court power to order support in specified types of Categories one and two situations where petitioner would otherwise be relegated solely to her remedies in the prior pending Supreme Court action.

One such type is covered by the first sentence of section 137 of the Domestic Relations Court Act, which opens the door of the Family Court to a wife whose husband is in default for non-payment of a Supreme Court *pendente lite* order for alimony or maintenance (not exceeding fifty dollars a week). In the event of such violation she is accorded the alternative right to invoke either contempt, sequestration or execution remedies in the Supreme Court or the costless and more expeditious procedure of the Family Court. However, not only must any substituted order so procured from this court be within the limits of the prior Supreme Court order but it may be less, being necessarily based upon facts existing and proved at the time of the entry of this court's order rather than as at the date of the Supreme Court order. (See " *Kennedy* " v. " *Kennedy*," 177 Misc. 155, 160.) And, obviously, such an order of this court operates prospectively only; arrears accrued under the Supreme Court order can be enforced only in that court. Moreover, in electing to substitute the Family Court as the forum for the collection of future support, the wife runs the risk not only of a lesser award but also a later rebuff by the Supreme Court if she return there for contempt proceedings. For, each of two concurrent forums must be circumspect against oppressive or speculative playing-off of one against the other. (See *Greenzang* v. *Greenzang*, 169 Misc. 516, 520.) " Instead of pressing the alimony order granted in this court plaintiff, after default, appealed to the Family Court, which awarded less. Now dissatisfied, she returns to this court. Denied." (*Schulman* v. *Schulman*, N. Y. L. J. July 23, 1941, p. 180.) " Motion to punish the defendant for contempt for alleged violation of a judgment of this court directing the defendant to pay to the plaintiff the sum of $7 per week alimony. The moving papers establish that the plaintiff made the Court of Domestic Relations the forum for collection of the support that she thought due her, and that in that tribunal applications were made for increases from time to time. She now returns to this court, claiming a violation of the judgment of this court. Motion denied." (Cf. *Ashman* v. *Ashman*, N. Y. L. J. Aug. 22, 1941, p. 409.)

Another type of situation where the Family Court may be petitioned notwithstanding the pendency of a previously begun Supreme Court action is provided for in the first part of the second sentence of section 137 of the Domestic Relations Court Act, namely, " An action for divorce, separation or annulment pending in the Supreme Court shall not prevent the Family Court from entertaining a petition for support if it is shown to the satisfaction of the Family Court that the petitioner is likely to become a public charge." That particular situation usually occurs in cases where

alimony *pendente lite* has been expressly denied or expected counsel fees have not been forthcoming.

A third type of situation where the prior commencement and pendency of a Supreme Court action by either spouse does not bar the jurisdiction of the Family Court is covered by the concluding part of the second sentence of section 137 of the Domestic Relations Court Act, namely, cases in which there exists no *pendente lite* order provision for support of issue of the marriage still under the age of seventeen years.

Thus, section 137 of the Domestic Relations Court Act enlarges, rather than restricts, the jurisdiction of the Family Court.

But except for instances embraced within one of the express provisions of section 137 of the Domestic Relations Court Act, the prior commencement and continued pendency of a matrimonial action in the Supreme Court makes that forum the venue for support to the exclusion of the Family Court, on the above-discussed principle that the Supreme Court was the first to acquire jurisdiction and possesses power to grant entire relief.

*Matter of Costa* v. *Costa* (*supra*) was just such a case, falling squarely within Category one. But that decision should be so regarded, and the broad language in the opinion to the effect that the fact petitioner is likely to become a public charge " constitutes the only basis for the exercise of jurisdiction by the Domestic Relations Court during the pendency in the Supreme Court of an action for a separation between the parties " (*Matter of Costa* v. *Costa, supra,* at p. 193) should not be deemed applicable to distinguishable factual situations; for example, cases where resort to the Family Court during the pendency of a Supreme Court action is expressly provided for in section 137 of the Domestic Relations Court Act upon other grounds or where a respondent in default under a Family Court order attempts to avoid enforcement by instituting a Supreme Court action against petitioner.

The foregoing analysis deals with kindred problems side-lighting the specific question presented by the particular matter under consideration but does not touch it directly, because it falls into Category three. And a case within that category is not covered by any provision of section 137 of the Domestic Relations Court Act, but is governed by the doctrine of election of forums.

Of course, filing a petition in this court does not estop a wife from later seeking in the Supreme Court a decree of separation or divorce or annulment; quite properly, she may prefer a court of record determination of the matrimonial status which would be broader and entitled to wider recognition than a mere support order of this statutory court of limited jurisdiction. However,

she could commence and prosecute such a Supreme Court action without asking for a *pendente lite* order for alimony or maintenance therein and rely upon the prior Family Court support order until entry of the interlocutory or final decree in the Supreme Court. And under such circumstances the Family Court order, like an analogous order of a Children's Court, would continue in full force during the pendency of the Supreme Court action, notwithstanding the language above quoted from *Matter of Costa* v. *Costa* (*supra*). For, the right to apply for alimony in a matrimonial action " * * * is a privilege incidental thereto. It is not obligatory on the wife to make such application, and unless she does so that issue is not before the Supreme Court. She may, if she chooses, continue to rely upon the judgment secured in the Children's Court and she cannot be forced against her will to abandon the protection which the Children's Court judgment affords her, and to pursue her remedy in the Supreme Court." (*Magner* v. *Magner*, *supra*, 742. See, also, *Rosenberg* v. *Rosenberg*, *supra*.)

However, petitioner in the matter *sub judice*, not content with the support order of this court (eight dollars a week, plus two dollars on arrears) moved in the Supreme Court action for a *pendente lite* order of eighteen dollars a week; and by thus speculating on the chance of a higher award from the Supreme Court, she abandoned the Family Court as the forum for her support pending the separation action. It has turned out that the Supreme Court allowance of ten dollars a week is identical with the total amount payable under the just mentioned order of this court. So, respondent's compliance with the Supreme Court order will yield to petitioner only precisely the same amount as provided for in the Family Court order, without, however, effecting the two dollars per week reduction of the Family Court order arrears which would have resulted from payments of each like sum of ten dollars under the Family Court order. And, indisputably, that order is superseded by the Supreme Court order and ceased to operate prospectively as of November 12, 1941.

True, notwithstanding such substitution of the Supreme Court order its entry did not cancel arrears then already accrued in the Family Court. As stated in " *Kennedy* " v. " *Kennedy* " (*supra*, 160), commencement of an action for separation does not deprive petitioner of her right to collect such arrears in this court. But the time when that right may be asserted rests in the discretion of the Family Court, to be exercised in the light of considerations governing every application in respect of arrears accrued under an order of this court. And the particular facts presented do not appeal favorably to such discretion at this time.

True, also, if respondent had fully complied with the October 28, 1940, order as continued on January 13, 1941, the then arrears of one hundred and thirty-six dollars would have been reduced by October 21, 1941, to fifty-six dollars, instead of being still one hundred and thirty-five dollars; and petitioner might have moved this court for a further order predicated upon such continued default of respondent. But, instead, she turned to the Supreme Court in an attempt to place him under order there for payment of a weekly sum exceeding that fixed by this court. It happens that the resultant Supreme Court order also set ten dollars a week (plus counsel fees of one hundred dollars) as the measure of petitioner's needs and respondent's financial ability to contribute during the pendency of the separation action. Accordingly, a direction by this court for payment of any additional sum simultaneously might imperil compliance with the Supreme Court order and would not be justified by any facts shown on the instant application. Respondent's salary is no greater than at the time of the October 28, 1940, order (for eight dollars per week, plus two dollars on arrears) and to his other debts have now been added the counsel fee obligation imposed by the Supreme Court order. Nothing in this opinion should be construed as condoning respondent's violation of the October 28, 1940, order of this court nor as canceling any of the arrears thereunder. But controlling effect must be given to the fact of petitioner's speculative choice of the Supreme Court as the superseding forum for support and also to the further principle that every order of this court must necessarily take into account respondent's present financial ability as well as petitioner's needs. (See *Domb* v. *Domb*, 176 Misc. 409–411.)

For completeness of analysis there is included the following brief discussion of Categories four and five.

As to Category four: If respondent institute an action for separation, divorce or annulment while in default under a support order of this court, *Matter of Costa* v. *Costa* (*supra*) seems to me not to oust this court of jurisdiction in respect of any arrears under such order nor automatically to cease its operation prospectively, even though petitioner might not be likely to become a public charge. Otherwise, the mere service of a summons and complaint in such action would be a facile device for flouting the order of this court. However, if petitioner, not content to rely upon the previously procured Family Court order, moves for a *pendente lite* order for alimony or maintenance in such Supreme Court action, the support order of this court would cease to operate prospectively as at the date of the entry of such *pendente lite* order and the situation would become the same as if it had been the wife who had started that action;

*i. e.*, there would be applicable to such Category four case the subject-matter of Category three.

Category five is squarely covered by the express provisions of section 137 of the Domestic Relations Court Act, viz., (1) the first sentence, whereby non-compliance with a Supreme Court direction for alimony or maintenance in a final or interlocutory decree is ground for petitioning the Family Court for an order within the limits of the Supreme Court decree; (2) the concluding part of the second sentence, which allows a petition in behalf of issue still under the age of seventeen years for whom there is no provision in the Supreme Court decree, and (3) the third sentence, which provides for a Family Court petition by a wife to whom alimony has been expressly denied in a separation decree of the Supreme Court, provided she is, or is likely to become, a public charge or there has occurred material change of circumstances since the Supreme Court adjudication. (See *Matter of Chandler* v. *Chandler*, 241 App. Div. 390; *Matter of Collins* v. *Collins*, 245 id. 612; *Matter of Curry* v. *Curry*, 275 N. Y. 553; *Matter of James* v. *Domestic Relations Court*, 175 Misc. 319.)

Upon the foregoing demonstration of the facts and the law, the following disposition is hereby made:

(1) The October 28, 1940, order of this court is hereby suspended as of November 12, 1941 (the beginning date of the Supreme Court *pendente lite* order);

(2) The total arrears as at November 12, 1941, are hereby fixed at $162.43, consisting of (a) the stipulated arrears of $135 as at October 21, 1941, plus (b) the further weekly installments of $8 each falling due respectively on October 25, November 1 and November 8, 1941, and $3.43 for the three remaining days up to November 12, 1941;

(3) Those arrears of $162.43 are hereby held in abeyance, with leave to petitioner to renew her application for payment thereof (a) after entry of the final decree in the separation action or, sooner (b) in the event of a material breach of the Supreme Court *pendente lite* order, or (c) in the event of an increase in respondent's income (unaccompanied by a modification of the Supreme Court *pendente lite* order).

Notice shall be given to the parties and attorneys pursuant to the subjoined direction.