IDA BERGEN, Petitioner, *v.* JACK BERGEN, Respondent.

Domestic Relations Court of the City of New York, Family Court, Kings County, July 23, 1945.

*Isadore Kupfer* for petitioner.

*Hahn & Hahn* for respondent.

Bucci, J. Respondent has challenged the jurisdiction of this court in the instant proceeding to compel support of his wife, on the ground that there is a Supreme Court action for separation now pending between the parties. The Supreme Court action was instituted by respondent, on the ground of abandonment, a few days after the commencement of the instant proceeding by his wife. Respondent bases his challenge on subdivision 3 of section 137 of the New York City Domestic Relations Court Act (L. 1933, ch. 482).

Petitioner first applied to this court for aid on June 4, 1945. After the usual preliminary steps, both parties appeared with counsel and were interviewed by a probation officer on June 26, 1945, and on the same day they were brought before the Justice then presiding. Each of the attorneys entered a formal notice of appearance on behalf of his client, and the case was adjourned by the court, at the request of respondent's attorney, to July 6, 1945. On July 3, 1945, respondent commenced an

action in the Supreme Court, Kings County, against this petitioner. Defendant wife has not yet answered, and no motion for alimony or counsel fees has been made.

On July 6, 1945, both parties again appeared with their attorneys before the court, and respondent then raised the jurisdictional question. The proceeding was further adjourned to permit the submission of briefs. After careful consideration I have concluded that this court was not ousted of its original jurisdiction by the commencement of the Supreme Court action by this respondent.

The New York State Constitution provides (art. VI, § 18): " The legislature may establish * * * courts of domestic relations * * * and may confer upon them such jurisdiction as may be necessary * *. * to compel the support of a wife * * * by persons legally chargeable therewith who abandon or neglect to support * * * [such wife]."

Pursuant to this authorization, the Domestic Relations Court of the City of New York was established by chapter 482 of the Laws of 1933. That act provides in part: " § 91. *Jurisdiction.* The family court shall have (1) Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife * * *."

" § 92. *Powers.* In the exercise of its jurisdiction the court shall have power (1) To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties. * *· * (3) To require of persons legally chargeable with the support of a wife, child or poor relative and who are possessed of sufficient means or who are able to earn such means, the payment weekly, or at other fixed periods, of a fair and reasonable sum for such support, or as a contribution towards such support, according to the means of the persons so chargeable; provided, however, that the amount that the court may require a respondent to pay for the support of the petitioner shall not exceed fifty dollars a week."

" § 101. *Legal liability for support.* 1. A husband is hereby declared to be chargeable with the support of his wife and children and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court."

" § 137. *Divorces; separations; annulments; et cetera.* * * * 3. In the absence of any order or decree entered in a

supreme court action, either before, on or after judgment providing alimony, or where there is an order or decree expressly denying alimony, upon it being shown to the satisfaction of the family court that the petitioner therein is likely to become a public charge, an order for her support may be made."

It is the contention of respondent that because of the provisions of subdivision 3 of section 137, and since there is now a Supreme Court action pending in which no order for alimony has been made, this court may make an order of support only if it is shown to the court's satisfaction that petitioner is likely to become a public charge. It is conceded that there is no such likelihood at this time. Respondent relies heavily on *Matter of Costa* v. *Costa* (247 App. Div. 192 [1st Dept., 1936]) and *Fiorentino* v. *Fiorentino* (249 App. Div. 561 [1st Dept., 1937]).

In my opinion the construction urged by respondent is not correct. As I read subdivision 3 of section 137 it provides that this court may make an order for the support of a petitioner (a) *in the absence* of any grant of alimony by order or decree entered in a Supreme Court action, or, (b) where there is an order or decree *expressly denying alimony,* but it is shown to the satisfaction of the Family Court that the petitioner therein is *likely to become a public charge.* In other words, it is only necessary to show that petitioner is likely to become a public charge if the Supreme Court by an order or decree has already expressly denied alimony to the petitioner. This construction, it seems to me, is in harmony with the remaining subdivisions of the section, and with the entire purpose of the act, which grants to this court co-ordinate jurisdiction with the Supreme Court. (*" Varney "* v. *" Varney ",* 178 Misc. 165, 167; *Johnson* v. *Johnson,* 206 N. Y. 561.) Even where there is a Supreme Court order outstanding, granting alimony, this court is not entirely ousted of its jurisdiction. (*Matter of James* v. *Domestic Relations Court,* 175 Misc. 319.) A fortiori, this court does not lose jurisdiction where no order has been made in the Supreme Court action.

It has been held that an application for alimony in a matrimonial action is but an incident to such action. " It is not obligatory on the wife to make such application, and unless she does so that issue is not before the Supreme Court. She may, if she chooses, continue to rely upon the judgment secured in the Children's Court, and she cannot be forced against her will to abandon the protection which the Children's Court judgment affords her, and to pursue her remedy in the Supreme Court." (*Magner* v. *Magner,* 144 Misc. 740, 742; see, also, *" Varney "*

v. " *Varney* ", *supra; Rosenberg* v. *Rosenberg*, 241 App. Div. 411, 413.)

Neither party should be permitted to jockey for position or bargain for favor by jumping from the Domestic Relations Court to the Supreme Court or vice versa. The decision in *Matter of Costa* v. *Costa* (247 App. Div. 192, *supra*) and *Fiorentino* v. *Fiorentino* (249 App. Div. 561, *supra*), can be sustained on that ground, since in those cases there was a Supreme Court action pending when the petitioner applied to this court for relief. The applicability of those decisions should not be broadened. In any event, they are distinguishable from the instant proceeding, since this case was commenced *prior* to the Supreme Court action. The generally accepted rule is that where " separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it." (*Colson* v. *Pelgram*, 259 N. Y. 370, 375; " *Varney* " v. " *Varney* " 178 Misc. 165, 168, *supra; Matter of Meyers* v. *Meyers*, 169 Misc. 860, 865.) It seems to me immaterial, under these circumstances, that no order has yet been made in the Family Court. To hold otherwise would furnish respondent with an easy means of ousting this court of its statutory jurisdiction and delaying the orderly processes of law. Petitioner has chosen her forum, as she had a legal right to do, and if anything is due her, she should get it in the forum whose aid she has invoked. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72.)

One other point should be considered. Respondent points out that this court never issued a summons requiring his attendance. The implication would seem to be that there was " no pending proceeding " in this court at the time he instituted his Supreme Court action.

There is no requirement in the law that a proceeding in this court shall be initiated by the service of a summons on respondent. A proceeding of this nature is commenced not by the issuance of a summons or a warrant, but by the filing of a petition. If the parties appear pursuant to the invitation or request of the probation officer, it is unnecessary to issue process. A summons is issued only " in a proper case " (N. Y. City Dom. Rel. Ct. Act, § 122), i.e., where the respondent fails or refuses to appear at all, pursuant to the invitation or request of the probation officer after the filing of the petition, or where respondent appears for a conference, but no agreement has been reached

by the respondent and the petitioner, and the respondent does not voluntarily appear before the court. The purpose of the summons or warrant is merely to compel the appearance of the respondent before the court in a proceeding already commenced. It would be an unnecessary act to issue process to compel such attendance if respondent is already physically before the court. This has been the practice of the court for many years, and it has the beneficial effect of obviating much unnecessary work by the already overburdened court staff.

In any event, the voluntary appearance of the respondent, both personally and by attorney, is equivalent to personal service of the summons upon him. If this were a proceeding governed by the Civil Practice Act, there is no question that that would be the case (Civ. Prac. Act, § 237). Since this court had jurisdiction of the subject matter, respondent could waive the issuance or service of a summons, and this he unquestionably did by his voluntary appearance before this court. (*17th Ave. & 73rd St. Corp.* v. *Ocean Operating Corp.,* 215 App. Div. 106; *Jaworower* v. *Rovere,* 177 App. Div. 740.)

For the foregoing reasons, the jurisdiction of this court is sustained and the parties are directed to appear and present evidence on August 1, 1945, and such other days to which the hearing may be adjourned.