FRANK WODZINSKI, Plaintiff, *v.* JEAN WODZINSKI, Defendant.

Supreme Court, Special Term, Queens County, October 2, 1953.

*Sidney H. Bishop* for plaintiff.

*Samuel Ruderman* for defendant.

COLDEN, J. Motion by the plaintiff husband to restrain the defendant wife from prosecuting any support proceedings in the Family Court Division of the Domestic Relations Court of the City of New York, with a view of compelling a support order against the plaintiff during the pendency of the action in this court.

This action for a separation was instituted by the service of a summons and complaint on September 3, 1953. Issue was joined by the service of an answer and a counterclaim for a separation verified September 21, 1953. In the meantime, on September 9, 1953, a summons was issued by the Family Court Division of the Domestic Relations Court on the petition of the defendant, returnable on September 21, 1953. Upon receipt of the summons, the plaintiff's attorneys notified the Clerk of the Domestic Relations Court of the pendency of the action in this court, requesting that further action in that court be deferred. That, however, was not done; instead, a notice was received by the plaintiff or his attorneys, advising that a warrant had been directed to issue, and that execution thereon would be ordered on October 5, 1953, unless he appeared and submitted himself to the jurisdiction of the Domestic Relations Court.

The plaintiff does not question the jurisdiction of the Family Court Division of the Domestic Relations Court to issue a support order, nor to make it in the absence of an order for alimony in an action pending in the Supreme Court. His only contention is that " no litigant should be permitted to pursue the same remedy in more than one forum at a time." However, section

137 of the New York City Domestic Relations Court Act provides in substance in the last sentence of subdivision 2 thereof, that in the absence of an order of the Supreme Court, in an action for a separation, providing for the support of a child or children up to the age of seventeen years, the Domestic Relations Court may entertain the petition for the support of such child or children. Here, according to the complaint, there is a child under the age of seventeen years, and there was not then and there is not now an order of this court providing for his support. In addition, subdivision 3 of section 137 provides in substance that in the absence of an order or decree entered in a Supreme Court action, either before or after judgment, providing for alimony, or where an order or decree has been made expressly denying alimony, an order for the wife's support may be made by the Family Court Division of the Domestic Relations Court, upon it being shown to its satisfaction that the petitioner therein is likely to become a public charge.

It is thus clear that the prior commencement and pendency of a Supreme Court action by either spouse does not, under the statutory scheme, bar the jurisdiction of the Domestic Relations Court. (*"Varney"* v. *"Varney,"* 178 Misc. 165.) Of course, any support order issued by the Domestic Relations Court may subsequently be superseded by an alimony order in a matrimonial action brought in the Supreme Court, except for the arrears which may be due under the preceding order up to the effective date of the Supreme Court order. (*Nazarian* v. *Nazarian,* 276 App. Div. 956.)

In view of the foregoing, the motion is denied.

Submit order.