M. Michael Potoker, J.
Respondent’s motion to dismiss petition herein on the grounds of lack of jurisdiction is granted.
Petitioner filed a petition in the Family Court on December 27, 1967 seeking support for herself and two children of the marriage. On January 11, 1968 the matter was referred to Central Trial Term of the Family Court and following two adjournments on consent of both parties it was calendared for trial on June 20, 1968. No order of any kind was entered by the Family Court in the interim.
On or about March 2, 1968 petitioner commenced an action for a limited separation in the Supreme Court, Queens County. Petitioner also moved the Supreme Court for temporary alimony, support of the infant issue of the marriage, and for exclusive occupancy of the marital abode. Petitioner’s plea in the Supreme Court for temporary relief is precisely the same relief she is seeking in the Family Court (see her petition — Docket No. F 6688/67 executed in the Family Court on December 27, 1967). On April 3, 1968 Supreme Court Justice Lester Holtzmah denied plaintiff’s motion ‘ ‘ upon condition that the defendant continue to pay to the plaintiff the sum of $25.00 per week and also pay all the other household, maintenance and *782 carrying charges on the marital home. ” Thus for all intents and purposes Justice Holtzmak,s order constitutes a temporary order of support for petitioner and her children.
Petitioner’s commencement of a separation action in the Supreme Court immediately before a hearing scheduled in this court constituted an election on her part to make the Supreme Court the forum for all purposes (“ Sanders ” v. “ Sanders ”, 178 Misc. 720).
The filing of a petition in the Family Court for support does not “ estop ” a wife from later seeking in Supreme Court a decree of separation, divorce or annulment, and wife can prosecute such a Supreme Court action without asking for a pendente lite order for alimony and maintenance therein, relying upon prior final Family Court support order until entry of the interlocutory or final decree in the Supreme Court. (“ Sanders ” v. “Sanders ”, supra.) Here no prior Family Court order exists and petitioner did demand temporary alimony and support for herself and children.
With respect to a wife, the Family Court may entertain a petition for her support if she is likely to become in need of public assistance, when the Supreme Court has neither referred the matter to the Family Court nor provided in its own order or decree for temporary or permanent support of the wife (Family Ct. Act, § 464).
Section 461 of the Family Court Act contains a similar provision for the Family Court’s right to entertain a support application for children when the Supreme Court has failed to include such support provision in an order or decree (Delvisio v. Delvisio, 117 N. Y. S. 2d 412; Panza v. Panza, 112 N. Y. S. 2d 262; “ Moses ” v. “ Moses ”, 193 Misc. 890; see, also, Matter of Doe v. Doe, 50 Misc 2d 255).
That there is concurrent jurisdiction in the Supreme Court and the Family Court to direct support for infants in any appropriate action whenever that issue may arise is now clear (Vasquez v. Vasquez, 26 A D 2d 701; Kagen v. Kagen, 21 N Y 2d 532). The fact that there now exists such concurrent jurisdiction does not, however, in any way militate against the statutory requirements of sections 461 and 464 of the Family Court Act. Nor does it enable petitioner to simultaneously seek the same remedy in both courts when the Supreme Court had already assumed jurisdiction and acted upon it.
Subdivision (b) of section 464 of the Family Court Act reads as follows: “ (b) In the absence of an order of referral under paragraph (a) of this section and in the absence of an order by the supreme court granting temporary or permanent sup *783 port, the family court during the pendency of such action may entertain a petition and may make an order under section four hundred forty-five of this article for a wife who is likely to become in need of public assistance or care. ”
Petitioner argues that subdivision (b) of section 464 does not apply to the instant matter because petitioner in the Family Court proceeding is seeking support for her children only and not for herself. The record belies that claim. The petition executed by petitioner in the Family Court on December 27, 1967 reads as follows:
‘13. Respondent is chargeable with the support of your petitioner and of the following dependents of respondent: * * *
“ 4. Respondent, since on or about two and a half years, has refused and neglected to provide fair and reasonable support for petitioner and the other said dependents according to his means and earning capacity.
“7. Petitioner is seeking a temporary order of protection and temporary order of support under sections 430 and 434 F.C.A. Petitioner is also seeking sole and exclusive use of marital home. ”
Petitioner also cites Caldwell v. Caldwell (189 Misc. 845 [Domestic Relations Ct., Kings County, Panken, J.]) and argues that the court in that case refused to dismiss the pending action for support of a child only because the Supreme Court proceeding was one seeking a separation and support for petitioner and child in the absence of an order by the Supreme Court for the support of the child. As we said earlier Justice Holtzman’s order of April 3, 1968 does constitute a temporary order for support of petitioner and her children. So even applying the Caldwell ruling petitioner’s arguments again must fail.
Petitioner concedes that she is gainfully employed. Her earnings coupled with the support she receives pursuant to the temporary order of the Supreme Court set forth clearly that she is not now on public assistance nor likely to become in need of public assistance or care. Thus, no remedy under subdivision (b) of section 464 of the Family Court Act thereunder is available to her.
Subdivision (c) of section 461 of the Family Court Act is also very pertinent to the issue at hand and reads as follows: “In an action for divorce, separation or annulment in the supreme court, the supreme court on its own motion or on motion of one of the parties may refer an application for temporary or permanent support or both of a child of the *784 marriage to the family court. If the supreme court so refers the application, the family court shall have jurisdiction to determine the application with the same powers possessed by the supreme court and the family court’s disposition of the application shall be an order of the family court appealable only under article nine of this act. ”
The Supreme Court in this matter did not see fit, nor was it so requested to do by petitioner, to refer petitioner’s application for temporary support to the Family Court. As a matter of fact the Supreme Court acted directly in the matter and while denying petitioner’s application for temporary alimony and support did so on condition that respondent continue to pay $25 per week in addition to paying all of the household expenditures. Under the circumstances petitioner’s action in ■the Family Court for a temporary order of support for the children is also barred by section 461 of the Family Court Act.
The petition is accordingly dismissed.