George A. Reed, J.
This is a proceeding for support instituted by a wife against her husband pursuant to article 4 of the Family Court Act. Several months prior to the commencement of this proceeding, the petitioner commenced an action for divorce against the respondent in the Supreme Court. This action was abandoned by the subsequent cohabitation of the parties.
Almost simultaneously with the institution of the support proceeding, the petitioner began a second action for divorce in the Supreme Court. The summons in the divorce action was dated May 27, 1975. On May 29, 1975, the petitioner verified the petition for support in Family Court. On June 3, 1975, Family Court issued a summons returnable June 13, 1975. This summons was served personally on the respondent on June 7, 1975. The summons in the Supreme Court divorce action was served on the respondent on June 10, 1975.
When the matter came on to be heard in Family Court on June 13, 1975, respondent promptly moved for dismissal on the grounds that exclusive jurisdiction over the subject matter *931 had become vested in the Supreme Court. The court reserved decision and received the proof of the parties. Two issues are presented, the first being that of jurisdiction and the second being that quantum of proof required to establish that the petitioner is likely to become in need of public assistance or care under subdivision (b) of section 464 of the Family Court Act.
Where separate actions have been instituted between the same parties with reference to the same subject matter, the court first obtaining jurisdiction should continue to exercise it. (Colson v Pelgram, 259 NY 370.) In Bergen v Bergen (186 Misc 34), where the respondent in the Domestic Relations Court subsequently commenced an action in Supreme Court, the Domestic Relations Court followed the general rule that the first court obtaining jurisdiction should continue to exercise it and that it was not ousted from jurisdiction by respondent’s commencement of a subsequent suit. However, in Matter of Hughes v Hughes (56 Misc 2d 781), where the petitioner in the Family Court proceeding subsequently commenced a separation action and moved for temporary alimony therein, the court held that it constituted an election for all purposes. In both cases, the plaintiff in the Supreme Court action was forum shopping.
In the present case, the jurisdiction of the Family Court attached on May 29, 1975 when the petition was filed. In a technical sense, the Family Court was the first to obtain jurisdiction. It is obvious, however, that the petitioner intended to commence a divorce action and utilize the Family Court in lieu of a motion for temporary alimony in the Supreme Court. While her reasons may have been good, such procedures are conducive of friction between the courts and interfere with the orderly administration of justice. It should make no difference if the petitioner began a subsequent action in Supreme Court as in Hughes or if she attempted to commence both proceedings at once. The reasons for the Family Court to decline to continue to exercise its jurisdiction are the same in both cases.
Respondent argues that the petitioner is likely to become a public charge. The proof was simply that the petitioner had no substantial assets, that she had quit her job because her husband was employed at the same place, that she had applied for but had not received unemployment insurance and had no other source of income. What is necessary to establish *932 that a petitioner is likely to become a public charge must vary from case to case. However, as a minimum, it should be shown that the petitioner intends to apply for and accept such assistance if found eligible and that there is a probability that the petitioner will be found eligible. The proof in this case does not meet that test. The petitioner presently resides with her sister and it is possible that she may continue to do so. It is questionable that she is eligible since she voluntarily quit and may be eligible for unemployment benefits.
The petition should be dismissed.