OPINION OF THE COURT
Elrich A. Eastman, J.
The issue before this court is whether the order of temporary support made by this court must be vacated pursuant to subdivision (b) of section 464 of the Family Court Act in that a divorce action between the parties, subsequently brought by the respondent, is pending.
This court on July 13, 1981 issued a temporary order of support for the petitioner, LaMonde A., after referral of the case to a hearing examiner in the amount of $40 per week. On September 16,1981, petitioner petitioned this court for violation of the support order alleging that the respondent had made no payments since the above-mentioned order was issued. Respondent thereafter on October 16, 1981 cross-moved to vacate the temporary order by this court in order to refer the matter to the Supreme Court where respondent has alleged a divorce action is pending between the parties. In addition thereto respondent alleges that he was denied due process of law since an order for temporary support was entered on July 13, 1981 before respondent was given an opportunity to submit written objections.
Subdivision (b) of section 464 of the Family Court Act provides that: “In the absence of an order of referral under paragraph (a) of this section and in the absence of an order *782 by the supreme court granting temporary or permanent support or maintenance, the family court during the pendency of such action may entertain a petition and may make an order * * * for a spouse who is likely to become in need of public assistance or care.” (Emphasis added.)
It is apparent from a careful reading of the statute, that it was intended to apply where an action has been brought in Supreme Court prior to the institution of a support action in Family Court. The respondent has alleged that “prior to the hearing before the hearing examiner and the order * * * an action for divorce was commenced between the parties”. Nevertheless, as Corporation Counsel has indicated in her answer to respondent’s motion to dismiss, the action for divorce was commenced subsequent to the Family Court’s exercise of its jurisdiction.
In the case of Matter of Fischman v Fischman (51 AD2d 725) the Appellate Division, in a support action in which the respondent was directed to pay support stated: “We find no merit in appellant’s contention that the order which he has appealed from is invalid for want of jurisdiction of the Family Court by reason of the Supreme Court action for divorce now pending. That action was commenced by him subsequent to the commencement of the Family Court proceeding initiated by the petitioner, a fact which brings this without the strictures of subdivision (b) of section 464 of the Family Court Act.”
Clearly, then, this case is distinct from one in which a Supreme Court action has been commenced prior to the Family Court proceeding. In such a case, section 464 of the Family Court Act would control and petitioner would have the burden of showing that she is likely to become in need of public assistance in order for the Family Court to entertain the petitioner. (See Family Ct Act, § 464, subd [b]; see, also, Matter of Sergi v Sergi, 58 AD2d 692; McKay v McKay, 82 Misc 2d 929; Lapiana v Lapiana, 67 AD2d 966.)
Also distinguishable is the situation in which it is the petitioner who institutes the subsequent Supreme Court action rather than the respondent in the Family Court proceeding. In the case of Montes v Montes (54 AD2d 627) after instituting a support action in Family Court, the *783 petitioner instituted an action for divorce in Supreme Court. In that case the court held the Family Court to be without power to make an order during the pendency of the matrimonial action. The rationale for distinguishing between the case in which the Supreme Court action is brought by petitioner and that in which it is brought by respondent is suggested in McKay v McKay (supra). In McKay (p 931) the court stated that “[w]here separate actions have been instituted between the same parties with reference to the same subject matter, the court first obtaining jurisdiction should continue to exercise it.” In the case of Bergen v Bergen (186 Misc 34) the McKay court noted, the court followed the general rule that the court first obtaining jurisdiction should retain it. In Bergen, respondent in the Domestic Relations Court subsequently commenced a Supreme Court proceeding and the Domestic Relations Court, therefore, was not ousted of jurisdiction. In Matter of Hughes v Hughes (56 Misc 2d 781) however, the McKay court noted that since the petitioner in the Family Court proceeding subsequently commenced a Supreme Court action, it constituted an election by the petitioner. The McKay court suggested that in both of the above-mentioned cases “the plaintiff in the Supreme Court action was forum shopping.” (See McKay v McKay, supra, at p 931.)
Once the Family Court has been vested with jurisdiction, a subsequent proceeding brought by the respondent will not oust this court of jurisdiction. Regardless of respondent’s purpose in seeking to bring the disputed issues between the parties before the Supreme Court, this court has the jurisdiction and a duty to the petitioner who sought this court’s relief in April of 1981. Respondent’s motion to dismiss the petition is therefore denied.
Respondent, however, accurately has noted that he was not given the requisite 15 days in which to file written objections. (See Rules of the Chief Administrative Judge, 22 NYCRR 34.6 [b] [3], [5].) The order awarding petitioner temporary support must, therefore, be vacated. A new hearing will be held in Intake B on December 7, 1981. Respondent, in the next 15 days from date of order, may *784 file written objections. The temporary order of support dated July 13, 1981 is hereby vacated.