In the Matter of LLOYD MOORE PETERSEN, a Physically Handicapped Child.

Children's Court, Schenectady County, December 29, 1933.

*Walter Scott McNab, County Attorney,* for the county of Schenectady.

*Ellen M. Petersen,* petitioner, in person.

LIDDLE, J.   This is a proceeding as referred to in the statement mentioned.

After an examination of the petition and the record on file with the clerk of Children's Court, Schenectady county, the court ordered a hearing to determine the facts as alleged in the petition.

On September 13, 1932, an order was made by this court directing the Black and White Taxi Company to furnish transportation to Lloyd Moore Petersen from his home in the town of Niskayuna to a sight-saving class at the Brandywine school in the city of Schenectady, and to audit the transportation and expenses in the amount of $200, and directing that the same be chargeable against the county of Schenectady and State of New York, Department of Education.

On February 10, 1933, upon request of Ellen M. Petersen, mother of said child, the order of September 13, 1932, was canceled.

The petition now before the court dated September 8, 1933, alleges among other things that Lloyd Moore Petersen was born February 8, 1918; that he resides with his parents at 104 Highland Park road, town of Niskayuna, county of Schenectady; that his parents are wholly unable to pay for his necessary education and physical care and that he is a physically handicapped child and that his disability is optic atrophy.   Upon the hearing, Walter Scott McNab, county attorney of the county of Schenectady, appeared on behalf of the county of Schenectady and questioned the validity of the court in making an order in the premises on the ground that Lloyd Moore Petersen came under the characterization of a blind child.

The primary question to be determined, therefore, assuming Lloyd Moore Petersen is a blind child, is whether the Children's

Court has jurisdiction of the subject-matter and whether or not Lloyd Moore Petersen is a physically handicapped child and is eligible to the benefits with which the law properly protects such a physically handicapped child.

From an examination of the testimony it appears that Mrs. Petersen, mother of said child, testified that Lloyd is " practically blind;" that he is " not totally so but can only get around with his brother;" that last year he attended the sight-saving school at Brandywine avenue school in the city of Schenectady; that he attended said school about one and one-half years. The testimony further reveals that he cannot read but that he must have a " reader." At present this " reader " is his younger brother. On cross-examination Mrs. Petersen further testified that Lloyd has already attended a school for the blind two years and is in the fifth grade in the Braille system.

Dr. Burke, assistant superintendent of public schools in Schenectady, in charge of health, testified that Lloyd could go to a State school for the blind and is eligible to such an institution. Dr. Burke testified that it was necessary that he be taught something without the use of his eyes.

Under subdivision 7 of section 2 of article 1 of the Children's Court Act (Laws of 1930, chap. 393), a physically handicapped child is defined as follows: " ' Physically handicapped child ' means a person under twenty-one years of age who, by reason of a physical defect or infirmity, whether congenital or acquired by accident, injury or disease, is or may be expected to be totally or partially incapacitated for education or for remunerative occupation, but shall not include the deaf and the blind."

Children's Courts can exercise only such jurisdiction as is conferred upon them by the Legislature. Likewise the Legislature can only enact such laws relative to the care, protection, guardianship and disposition of delinquent, neglected and dependent minors as is conferred upon it by section 18 of article 6 of the Constitution.

The Legislature in defining a physically handicapped child especially exempts deaf and blind children, so distinguishing such child from a physically handicapped child.

Optic atrophy is generally defined as a wasting away or diminution of the nerves or any part of the eye. This condition, it seems, generally results in total loss of sight.

Under sections 1 and 2 of chapter 185 of the Laws of 1922, "An act in relation to providing relief for the needy blind," persons wholly or partially blind are eligible under the provisions of section 6 of said chapter 185, to the relief as therein mentioned and under section 2, heretofore referred to, partial blindness is defined

as follows: "A person shall be deemed to be partially blind  *  *  * when vision is so defective or so impaired that the person so afflicted must depend upon others."

It, therefore, appears that Lloyd Moore Petersen is not a physically handicapped child, but, on the contrary, it clearly appears that he comes within the definition of a blind child under the statute, over which the Children's Court in this proceeding has no jurisdiction.   The proceeding is dismissed.