MIRIAM CALDWELL, on Behalf of MICHAEL CALDWELL, Petitioner, *v.* JOHN P. CALDWELL, Respondent.

Domestic Relations Court of the City of New York, Family Court, Kings County, May 21, 1947.

*Samuel Weinreb* for petitioner.

*Curran & Stim* for respondent.

PANKEN, J. It is urged by the respondent that this court was ousted of jurisdiction in this matter for the reason that the Supreme Court of the State of New York, Kings County, in an action instituted by the petitioner herein, has assumed jurisdiction of the persons and the subject matter litigated in this court.

The proceeding before me is one for the support of a child only. The Supreme Court proceeding is one seeking a separation and support for the petitioner herein and the child.

The law in its present state permits a ' dependent wife or dependent children to invoke the powers of the Domestic Relations Court of the City of New York in its Family Division to require the spouse, or father, to provide for the support of the dependents, despite the fact that a proceeding between the parties is pending in the Supreme Court of the State of New York. Subdivision 3 of section 137 thereof (N. Y. City Dom. Rel. Ct. Act, L. 1933, ch. 482, as amd.), reads: '' In the absence of any order or decree entered in a supreme court action, either before, on or after judgment providing alimony, or where there is an order or decree expressly denying alimony, upon it being shown to the satisfaction of the family court that the petitioner therein is likely to become a public charge, an order for her support may be made.''

The court need not pass upon the validity of the provision above cited since the wife does not pray for support in this proceeding for herself.

The last sentence of subdivision 2 reads: '' In the absence of an order of the supreme court in such action providing for support of a child or children up to the age of seventeen years, the family court may entertain a petition for the support of such child or children.''

There was no order of the Supreme Court in an action pending therein for the support of the child involved in this proceeding, and so the court had jurisdiction to make provision for the dependent child, and the fact that there was a proceeding pending in the Supreme Court of the State of New York, Kings County, did not oust this court of its jurisdiction.

It is to be noted that section 137 also provides that this court may, within the limits of any order or decree of the Supreme Court, in the absence of a change of circumstances, make its

own order for the support of dependent children in instances where the father failed to comply with the order made by the Supreme Court.

In the case of *Bergen* v. *Bergen* (186 Misc. 34) Mr. Justice Bucci, in a well thought-through opinion, citing several authorities, sustains the rule of law that this court cannot be assumed to be ousted of its jurisdiction by reason of a proceeding instituted or pending in another forum.

Parenthetically, the proceeding in this court is deemed to have commenced at the filing of the petition. Jurisdiction over the party sought to be charged with support under the provisions of the act is only acquired by due process; that is, by service of the process of the court or voluntary appearance by the respondent.

At the conclusion of the trial the respondent moved to vacate the order of the court on the ground that the court had not obtained jurisdiction of the respondent.

The facts are: A petition was filed against the respondent herein for the support of the child, and that is affirmed by stipulation in open court by counsel for the respondent. The court said at that time: " Let it appear on the record, without any question, that counsel for the petitioner now in open court and in the presence of petitioner desires the petition read, that it is on behalf of the child by the mother against the father. Is that right? " Petitioner's attorney: " That is correct."

In due course, and pursuant to the procedure followed in the Family Division of the Domestic Relations Court, as authorized by law, a warrant was issued for the apprehension of the respondent. The warrant was not executed. Indeed it was not possible to do so since the respondent is a resident of, or is domiciled in, the State of California. Execution of process issued out of the courts of our State is limited to the boundaries of the State.

It appears that the mother of the child on whose behalf the petition was filed had instituted a proceeding in the Supreme Court, Kings County, as already adverted to; that the respondent herein and the defendant of the action in the Supreme Court came to defend the suit instituted against him by his wife and so was within the jurisdiction of this court. While attending, or attempting to attend, the trial in the proceeding instituted against him in the Supreme Court, he was taken into custody on the warrant issued in the proceeding herein.

It was urged that respondent was immune from service of any process issuing out of a court in this State while in attendance as a witness or a suitor to give evidence in a trial to which

he is a party. In support of that contention respondent urged a rule of law as laid down in the case of *Person* v. *Grier* (66 N. Y. 124), *Netograph Manufacturing Co.* v. *Scrugham* (197 N. Y. 377), *Chase National Bank* v. *Turner* (269 N. Y. 397) and several other cases.

The court at the trial of the proceeding said: " The Court was apprized of the fact that the respondent in this case had voluntarily come from the State of California to this City to defend an action which was instituted against him by the petitioner herein." At another place the court also said, referring to respondent: " He is defendant in a proceeding pending in the Supreme Court of the State of New York. There must be some differentiation made between a witness who attends Court for the purpose of testifying and a defendant or a plaintiff, as the case may be." What I had in mind was the fact that the respondent herein was the defendant in a Supreme Court action and the petitioner in this proceeding was the plaintiff in that very Supreme Court action.

It is not necessary on this motion to refer to the testimony submitted. The issue of marriage was not contested. The parties did go through a ceremonial marriage. Nor was the birth of the child put in issue.

Subdivision 6 of section 101 provides: " A child born of parents who at any time prior or subsequent to the birth of said child shall have entered into a ceremonial marriage shall be deemed the legitimate child of both parents for all purposes of this act regardless of the validity of such marriage." A determination by the Domestic Relations Court of the City of New York of the validity or invalidity of a marriage is only incident to the powers to be exercised by the court in making provision for maintenance or support of a dependent. Such a determination is not *res judicata*. (See *Vendetti* v. *Vendetti*, 31 N. Y. S. 2d 487, decided in this court, and *Loomis* v. *Loomis*, 288 N. Y. 222, decided in the Court of Appeals.)

Section 103 of the Act defines under what circumstances residential jurisdiction may be found by the court. Paragraph (b) of subdivision 1 of the section as it affects this case, reads: " * * * he or she is not residing or domiciled in the city but is found therein * * *." The respondent was found within the city and State of New York. He was before me when the warrant was vacated and his parole ended. He was within the jurisdiction of the court, represented by counsel, as was the petitioner.

At the conclusion of the trial I ordered support for the child only. Subdivision 6 of section 101 provides that where the

parents of a child have gone through a ceremonial marriage this court has jurisdiction and power to make provision for the support and maintenance of their child.

The problem as presented appears now to be academic. The issues presented and tried before me were in part also tried before Mr. Justice STODDART of the Supreme Court of the State of New York, Kings County. Mr. Justice STODDART filed the following memorandum in *Caldwell* v. *Caldwell* (N. Y. L. J., April 15, 1947, p. 1468, col. 4), the same parties who are before me. '' Action for separation. The defendant is estopped from questioning the validity of the prior divorce secured by him (Krause v. Krause, 282 N. Y., 355) and the defense of res judicata is not properly interposed (Loomis v. Loomis, 288 N. Y. 222). Accordingly, as the plaintiff has proven the allegations of her complaint, she is entitled to a judgment of separation, granting her the custody of the child and $10 a week for the support of the child. No allowance will be granted the plaintiff for herself, in view of all the circumstances attending the marriage, and in view of the plaintiff's financial condition.'' If I were called upon to pass upon the rights of the petitioner for support from the respondent, I should arrive at the same result.

There is a determination by the Supreme Court of the State of New York fixing the rights of the child; that is, the right to be supported and maintained by his father. The question as to whether or not there was a valid marriage between the respondent and petitioner herein is one upon which I need not pass. That matter was passed upon by the Supreme Court. In any event, this court has only incidental power to pass upon the validity of marriage.

On the argument of counsel it appeared to me that the rule of law referred to was not applicable in the case before me. The respondent who was taken into custody on a warrant issued out of this court was the defendant in the action in the Supreme Court; the plaintiff is the petitioner herein. The rule of law, as enunciated by the Court of Appeals, I thought, and still do think, is not applicable in all cases and under all circumstances. Immunization of a witness or a suitor from service of process issuing out of our courts, when the parties involved are the same and the issues are related or are practically the same, seems unjustifiable.

It appears to be unfair as a matter of public policy to give immunity to a litigant who comes here from a foreign jurisdiction to defend or prosecute a claim in our forums when as a matter of fact, as in this case, he invokes the services of our

court in a matter in which the issue is not unlike that which is pending in another court, and service is sought to be effected upon him by reason thereof.

The matter has received considerable thought and deliberation, both at the time the argument was presented and upon the motion to vacate the order herein and the briefs submitted in support of the application for the vacating of the process.

The vacating of a warrant vitiates its execution. It was so in this instance, for at the time I vacated the warrant the respondent was on parole to his counsel. With the vacating of the warrant parole ended, and respondent was no longer in custody under the warrant. At the time the warrant was vacated the court said: " The Court vacates the warrant and assumes jurisdiction." An exception was noted both in favor of the petitioner and the respondent. Thereupon the witnesses were called and the trial proceeded. The respondent was no longer in custody. True, he was in court pursuant to the execution of the warrant issued out of this court and referred to above. The court reserved an exception to the respondent. No application was made by the respondent at that time as regards what he asserts to be his rights. Being within the jurisdiction of the court, the court assumed jurisdiction of his person.

The court had jurisdiction both of the subject matter and the persons. The action in the Supreme Court did not oust this court of jurisdiction. The order vacating the warrant and terminating the parole of the respondent to his counsel, and the respondent found within the jurisdiction of the court, the court assumed jurisdiction without the need of serving of process. All of the parties were before the court. The application to vacate the order herein made requiring the respondent to contribute $18 biweekly for the support of his child is denied. The respondent is required to pay $10 weekly under the award entered by Mr. Justice STODDART. The petitioning child can only invoke the enforcement of either the order in this court or that of the Supreme Court. He is not entitled to the benefit of both awards.