" Martha Hodges ", Petitioner, *v.* " Donald Hodges ",
Respondent.*

Domestic Relations Court of the City of New York, Family Court, Kings County,
October 9, 1951.

*Robert R. Kaufman* for petitioner.

*Roland A. Crowe* for respondent.

Lorence, J. The respondent on March 22, 1951, was served with a summons issued out of the Family Court Division on the complaint of the petitioner herein alleging nonsupport. On the return day the respondent appeared by attorney, specially and solely for the purpose of vacating the summons and contesting the jurisdiction of this court over the respondent.

---

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of section 52 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482).

The respondent is not a resident of New York State, but of California, and had voluntarily come to New York to appear at a hearing before Official Referee WILSON in the Supreme Court, Kings County. The hearing before Official Referee WILSON was for the purpose of determining whether the service of the summons in an action for annulment of petitioner's marriage to respondent, was a valid service in view of the fact that the husband was voluntarily within the jurisdiction to appear as a party in other litigation. The respondent's motion to set aside the service of the summons was granted by Official Referee WILSON by order, dated April 13, 1951. It seems to me that the facts in the instant case are identical with the facts which were proved before Official Referee WILSON and that, therefore, the service of the summons in this case should be vacated under the ancient and well-settled rule that the respondent, a nonresident, having voluntarily come into the State for the purpose of appearing in a lawsuit, is immune from the service of process. Practically all of the leading cases on this question of immunity have been collected and set forth in a series of articles in the New York Law Journal of September 20, 21, 24 and 25, 1951 [see editorial pages]; and, more particularly, see *Parker* v. *Marco* (136 N. Y. 585).

However, the petitioner alleges that paragraph (b) of subdivision 1 of section 103 of the Domestic Relations Court Act of the City of New York overrules this time-honored privilege of immunity because of its language to the effect that when a petitioner resides in the city of New York at the time of the filing of the petition and the respondent is a nonresident of the City of New York " but is found therein " this court has jurisdiction over the respondent. I have found no case directly in point which overrules the privilege of immunity. There are a number of cases under our Domestic Relations Court Act to the effect that this court has jurisdiction over a nonresident if he has been served with a summons within the city of New York. (See *Matter of Buoneto* v. *Buoneto*, 278 N. Y. 285, and " *Ketcham* " v. " *Ketcham* ", 176 Misc. 993.) However, the question of immunity did not arise in any of these cases.

The word " found " as used in paragraph (b) of subdivision 1 of section 103 of the Domestic Relations Court Act is not to be given its purely literal meaning of mere presence of the respondent in the city, regardless of the nature or purpose of his presence. A distinction must be made between a nonresident " found " in this city, because he chooses to stay here notwith-

standing his residence elsewhere, and a nonresident who is
" found " in New York City solely because he has come here for
the special purpose of attending court, either as a party or a
witness in a legal proceeding. In the former case, the non-
resident so " found " here may be served with process with the
same effect as though he were a resident. In the latter case
he is immune from service of process upon him.

The Domestic Relations Court is a statutory court possessing
only such powers as are conferred upon it by the act of the
Legislature which created it. Presumably, the Legislature was
aware of the privilege of immunity afforded by law to non-
respondents who come to New York solely for the purpose of
attending court, either as parties or witnesses. If the Legis-
lature had intended to destroy the privilege of immunity in
proceedings in the Domestic Relations Court, it would have so
enacted. We cannot effect a change in the basic law of the
State by inference or presumption from the language of a
statute. It must appear that the statute clearly and expressly
intended to change the existing law. No such manifestation
to abolish the principle of immunity from service of process
under the circumstances of this case, is apparent in the Domestic
Relations Court Act.

In *Caldwell* v. *Caldwell* (189 Misc. 845) one of my judicial
colleagues in this court, appears to have decided that under the
special facts of that case, the respondent was " found " within
the city of New York. In that case, the defendant (respondent)
a resident of the State of California came to New York especially
to defend an action for separation brought against him by his
wife. While attending or attempting to attend the trial of that
action, he was taken into custody on a warrant issued out of the
Domestic Relations Court in a proceeding to compel him to
contribute toward the support of his minor child. My colleague
above referred to, vacated the warrant and stated that he
" assumes jurisdiction " of the proceeding to compel support,
despite respondent's objection and exception.

He goes on to say further: " No application was made by the
respondent at that time as regards what he asserts to be his
rights. Being within the jurisdiction of the court, the court
assumed jurisdiction of his person. The court had jurisdiction
both of the subject matter and the persons. * * * The order
vacating the warrant and terminating the parole of the respond-
ent to his counsel, and the respondent *found* within the juris-
diction of the court, the court assumed jurisdiction without the

need of serving of process. All of the parties were before the court.'' (P. 850, italics supplied.)

My learned colleague, while citing the cases supporting the doctrine of immunity from service of process, took the further view that these cases did not apply because the respondent's motion to vacate the warrant was in the nature of a request for affirmative relief and that under the circumstances it would be contrary to public policy to give the respondent the benefit of the immunity privilege.

Notwithstanding my great respect for my said colleague and appreciating his desire to accomplish a just result without circuitousness, I am constrained to differ with him. I cannot subscribe to the reasoning that the mere physical presence of the respondent Caldwell in court, at the time his motion to vacate the warrant of arrest under which he was brought into court was granted, '' found '' the respondent within the city of New York, within the meaning and purview of the Domestic Relations Court Act and the decisions of the Court of Appeals. Justice at the price of overruling well-founded and long-established judicial precedent tends to confusion. The law is not a '' wilderness of single instances '' but proceeds on established principles. These principles, I think, are violated by the decision in *Caldwell* v. *Caldwell* (*supra*) which, incidentally was not reviewed by the Appellate Division.

The respondent's motion to vacate the service of the summons is granted and this proceeding marked '' Reserved Generally ''. This petitioner is not without remedy. She may seek relief under the provision of the Uniform Support of Dependents Law (L. 1949, ch. 807). Respondent's attorney concedes that the respondent is a resident of California and since the act adopted by the State of California is similar to ours, a petition against this respondent will lie in our court.