" MARY HARRISON ", Petitioner, *v.* " HARRY L. HARRISON ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, October 30, 1951.

*Denis M. Hurley, Corporation Counsel (Mathilda Miller* of counsel), for petitioner.

*S. Peter Ellsley* for respondent.

PANKEN, J. It appears from the records in this case that the respondent and petitioner were married in Egypt on the 31st of July, 1920. The petitioner's daughter informs me that her mother is presently seventy-three years old. According to the records in this court, the respondent is fifty-one years old. It would appear, therefore, that at the time of the marriage between this petitioner and respondent, he was approximately twenty years of age and the lady whom he had taken to wife was at that time forty-three years old, more than twice the age of respondent.

Marriage by men twice the age of their wives is not uncommon. I do not think it should be more uncommon for marriage between a woman who is twice the age of the man she marries, but it is. It may well be that in either instance it is not desirable.

Concededly, the woman is presently hospitalized in Ossining, New York. Concededly, she has had one of her legs amputated above the knee because of a gangrenous condition. It is within the realm of possibility, maybe probability, that this woman will be nonambulant. These are the facts.

The respondent is chargeable with the support of his wife. The fact that she became sick and required medical care, and which necessitated amputation of one of her legs above the

---

* Names used herein are fictitious for the purposes of publication.

knee does not militate against her or her rights, nor does that relieve respondent of the liability for his support of her.

The corporation counsel of the City of New York on behalf of the petitioner eloquently urges upon the court that respondent should be required in this proceeding to pay doctor's and hospital bills which have been by her incurred. The court is in doubt as to whether we have the power to enforce payment of bills rendered for medical, dental or hospital care, no more than the court would have the right and the power to compel the respondent to pay bills rendered to the respondent for food, for shelter, for clothing, for groceries, on behalf of the petitioner. In my judgment in the latter case we certainly would not have the power to do so. There is a question as to whether we have the power to compel the payment of medical bills to medical men, dental bills to dentists, because the law as it stands charges the respondent, or the person charged by law with support of a dependent, to provide medical and dental care, etc.

In the case of *Matter of Kane* v. *Necci* (269 N. Y. 13) the Court of Appeals of the State held that this court partakes of the nature of a civil tribunal; but neither the Court of Appeals nor any other judicial forum has thus far endowed this court with the power of a civil court insofar as enforcement of purely contractual obligations are concerned, except those obligations, contractual obligations, that spring from a marriage contract. I think it was Mr. Justice Brandeis in the *Yarborough* case (*Yarborough* v. *Yarborough,* 290 U. S. 202) who said that while marriages are the result of contract, the contract is different from any other type of contract; that it makes obligations peculiar to marriage. I am not using the exact terminology used by the eminent jurist.

This is not a civil court; only in a broad sense of the word it partakes thereof. So we are not in a position to enter judgments in consequence of contractual obligations rather than in marital contracts. If the respondent should be required to contribute to pay medical and dental bills already incurred, he would be entitled to have the reasonable value of the services established; also, to have established the need of such services, and to have the person rendering the services submit to cross-examination. These are matters particularly within the purview of civil courts.

Subdivision (2) of section 92 of the Domestic Relations Court Act of the City of New York and section 101 of the same act, provide that a husband and father is chargeable with the support of his spouse and his children. Support interpreted in the

light of ordinary horse sense, common sense, must include provision for medical and dental care, as well as food, clothing, shelter, and possibly meeting incidental needs. My friend and esteemed colleague, Justice SICHER, in the cases of " *Murray* " v. " *Murray* " (47 N. Y. S. 2d 837) and " *Solomon* " v. " *Solomon* " (191 Misc. 80) discusses at length the purport and scope of subdivision (2) of section 92 of the Domestic Relations Court Act.

I cannot agree with the dictum in " *Murray* " v. " *Murray* " that subdivision (2) of section 92 of the Domestic Relations Court Act empowers this court to compel reimbursements for medical and dental expenses already incurred. It does confer the power to provide payment for future medical and dental care. However that only can be provided on the basis of need, actual need established by competent testimony, either medical or dental, as the case may be. Moreover, the court may only provide for the expenses to be incurred for medical and dental care to the extent of reasonableness. The reasonableness of the charge for such services must be established by testimony and the persons to furnish such services are subject to cross-examination by the person chargeable, or his attorney. It is the right of every person against whom an order is made that he be apprised of the basis for such order and an opportunity accorded him to inquire into the need and reasonableness of the charge.

Under the provisions of the Domestic Relations Court Act, this court is empowered to order medical or dental care for either a spouse or children who are the charges of the court.

It was held that a physician to attend upon an infant child is not chargeable with notice, constructive or otherwise, of the fact that the father and mother of the child do not live together, and that the father may be responsible to the physician for the value of his services to the child. (*Dixon* v. *Chapman*, 56 App. Div. 542.)

Payment for services rendered on behalf of a dependent by the person chargeable in law for support of such dependent may be enforced in a civil forum, in a court of law established under the law to resolve differences between parties and the enforcement of the payment of proper bills due. The Domestic Relations Court of the City of New York is not such a forum. The Domestic Relations Court of the City of New York is a special court set up in response to provisions of the Constitution of the State of New York and for special purposes. It is a court of limited jurisdiction. It may not increase its powers by

itself, nor can it contract its powers. Whatever powers it has, those powers must be conferred upon it by legislation through the State Legislature.

The application of the corporation counsel to require the respondent to meet the bills amounting to some $2,000 for services rendered by physician and hospitalization is denied. Let those who are entitled to payment of those bills resort to the proper court for enforcement.

The order in effect at this time is modified by increasing same to $25 weekly. The respondent is well able to meet the amount herein required to be contributed to the support of his dependent spouse.