Lafayette W. Argetsinger, Jr., J.
Show cause returnable June 26, 1957, why Leroy Hagadorn, father of the children herein, should not be held in contempt of court for failure to comply with previous orders of this court to make certain payments to the Schuyler County probation department for the support of said children. Testimony was taken at this hearing, said Leroy Hagadorn having been advised of his right to counsel and having waived same, and the case was adjourned to October 21,1957, and further adjourned to October 24,1957, at 10 o’clock in the forenoon at which time Leroy Hagadorn appeared with his attorney, John Lo Pinto, and the welfare commissioner appeared with deputy county attorney William Ellison.
Two issues have been raised in this proceeding:
(1) The issuance of an order by this court requiring said Leroy Hagadorn to make periodic payments to the Schuyler County probation department in an amount to be determined by the court, based upon his ability to pay, until the arrearages of the total amount covered by previous orders of this court have been paid. These arrearages total $373;
(2) The issuance of an order by this court requiring said Leroy Hagadorn to make periodic payments to the Schuyler County probation department for the purpose of reimbursing the Schuyler County Welfare Commissioner for its total expenditures not covered by previous orders of this court, which amount is determined to be $4,219.10.
Further testimony was taken at the hearing on October 24, 1957, and the arguments of counsel were had and an order was issued requiring a payment of $25 per month by said Leroy *53 Hagadorn until the total sum of $373 is fully paid covering the total arrearages of the previous orders of this court.
Decision was reserved as to the second issue herein involving the jurisdiction of the Children’s Court to require the father of said children to reimburse the Schuyler County welfare department in full of all its expenditures not previously covered by orders of this court. Counsel were requested to submit briefs.
A very comprehensive and excellent brief has been submitted by attorney John Lo Pinto, in support of the proposition that the Children’s Court has no jurisdiction to require reimbursements to a welfare department covering payments made by it where no previous orders had been issued by the Children’s Court requiring support payments at the time these disbursements were made.
William N. Ellison, deputy county attorney, appeared for the Schuyler County Welfare Commissioner.
Attorney John Lo Pinto, Ithaca, New York, appeared for the respondent, Leroy Hagadorn.
A careful examination of the Children’s Court Act of New York State and court decisions fails to disclose any decisions by the courts on the question of law involved in this case.
The Children’s Court was created by statute in New York State in 1922 (ch. 547), its primary purpose and responsibilities being to protect the rights and interests of children under the age of 16 years. (Matter of “ Dawkins ”, 190 Misc. 995, 996.) The establishment of the Children’s Courts is authorized by section 18 of article VI of the New York State Constitution. Therein we find the following statement: ‘ ‘ The legislature may establish children’s courts, and courts of domestic relations, as separate courts, or as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, and to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them.”
With respect to the question of support we find the following provision in subdivision 3 of section 30-a of the New York State Children’s Court Act: “ To require of persons legally chargeable with the support of a wife and minor child or dependent minor, and who are possessed of sufficient means or who are able to earn such means, the payment weekly, or at other fixed *54 periods, of a fair and reasonable sum for such support, or as a contribution thereto, according to the means of the person so chargeable. ’ ’
The powers and jurisdiction of courts of statutory origin such as the Children’s Court must be found within the precise language of the statutes creating them and it follows that this court has only those powers and such jurisdiction as is specifically conferred upon it by statute. (Reichhold Chems. v. Schenectady Coating Corp., 173 Misc. 395, revd. 260 App. Div. 830, appeal dismissed 285 N. Y. 619; “ Hodges ” v. “ Hodges ”, 202 Misc. 71; “ Benedict ” v. “ Benedict ”, 203 Misc. 286; Thomas v McFarlin, 172 Misc. 1000; N. Y. Const., art. VI, § 18; Matter of Petersen, 149 Misc. 869; Slutsky v. Kehman, 32 N. Y. S. 2d 549; Matter of Sisson, 152 Misc. 806; 1 Carmody-Wait on New York Practice, § 115, p. 134.)
Throughout the New York State Children’s Court Act the power of the court to issue orders for support of the wife and/or children is predicated upon “ sufficient means or able to earn such means ” and the order will be based upon “ a fair and reasonable sum according* to his means, as may be determined by the court.” (Children’s Ct. Act, § 6, subd. 2, par. [b]; § 30-a, subd. 3; § 31, subd. 1.)
Subdivision 1 of section 101 of the Social Welfare Law, in naming the liability of relatives to support, contains the phrase “if of sufficient ability ”. The County Welfare Commissioner may bring* a proceeding* into Children’s Court for the support of a wife and/or children for the purpose of securing an order to pay a specified amount periodically based upon the court’s determination from the evidence as to the ability of the respondent to make such periodic payments in such cases where the welfare commissioner is still furnishing support. Section 104 and other sections of article 3 of the Social Welfare Law cover the remedies available to the welfare commissioner in securing contributions toward support or recoupment of moneys expended by the welfare commissioner not covered by Children’s Court orders. This section provides that “Any public assistance or care received by such person shall constitute an implied contract. ’ ’
The statutes applying to support recognize the possibility that the person responsible for such support may not have “ sufficient ability ” to provide all the support or even any of the support. In this case the Children’s Court has, from time to time, issued support orders against the respondent based on “sufficient ability” as of the time those orders were issued *55 and, in the opinion of this court, the Children’s Court has no authority, and would be, as a matter of fact, violating the very purpose and intent of the Children’s Court. Act to issue an order at this time compelling the respondent to make payments in recoupment of expenditures by the County Welfare Commissioner in addition to the amounts previously ordered from time to time on the basis of ‘ ‘ sufficient ability ’ ’. This would constitute a retroactive determination in complete disregard of the ability of the respondent to pay as of the time the expenditures were being made and would nullify the previous court orders which were based upon evidence adduced at the various hearings at which the court determined the question of “ sufficient ability ” which must be determined as of the time when such support is needed or is being supplied by the County Welfare Commissioner. The Children’s Court is not a civil court for the purpose of enforcing reimbursement of moneys expended by the welfare commissioner as its jurisdiction is limited to the enforcement of orders issued by the Children’s Court for periodic payments as of the. time of the need for such support (“Harrison” v. “ Harrison ”, 202 Misc, 19).
The ability to pay and the amount has already been established by this court during the period of time when support was necessary and being maintained.
If, at the time payments are being made, the court finds the respondent not of sufficient ability to make payments and the respondent at a later date becomes of sufficient ability to make recoupment payments, the Children’s Court has no jurisdiction to order such recoupment payments. The welfare commissioner must pursue its other remedies (Social Welfare Law, § 104 et seq.).
Even if the Children’s Court had jurisdiction to grant recoupment here, the decision would hinge on whether respondent was of 11 sufficient ability ’ ’ to pay at the time the assistance was rendered and it is clear from, the previous determination of this court that he was not of “ sufficient ability” except as to the payments previously ordered by this court (Matter of Moore, 277 App. Div. 471).
The application for recoupment of expenditures by the Schuyler County Welfare Commissioner over and above those covered by previous orders of this court is denied.
Let order issue accordingly.