Abraham Schlissel, J.
Defendant appearing specially for that purpose only, moves to vacate a warrant issued out of this court on complaint of his wife and charging him with abandonment of said wife and their children.
The sole basis of defendant’s application is his alleged immunity from criminal prosecution because he was, when the warrant was issued and executed, a bona fide resident of New Jersey voluntarily present in this State for ’the purpose of defending his wife’s separation action then pending in the Supreme Court, Nassau County.
It is asserted by defendant and not denied by complainant that the Supreme Court (per Gttlotta, J.) has made a finding in the separation action aforesaid that defendant was and now is a bona fide New Jerseyite. On the basis of such finding Mr. Justice Gtulotta denied plaintiff wife (in the separation action) any relief dependent upon in personam jurisdiction.
There is accordingly presented for my consideration and decision a pure question of law, that is, was defendant a resi *48 dent of New Jersey, immune from service of this court’s warrant while voluntarily present within this State for the sole purpose of contesting the Supreme Court’s jurisdiction over his person in the separation action above described.
Complainant (in a written communication dated November 25, 1959 addressed by her attorney Kevie Franlcel, Esq., to Assistant District Attorney John S. Lockman and a copy of which has been supplied to the court; in an informal memorandum received by me from the same source; and in oral argument before me on December 23, 1959, by Mr. Fine of the office of said Kevie Frankel) has insistently contended that, as a matter of law, no immunity exists for the following reasons:
(a) such immunity is confined to freedom from civil, as distinguished from, criminal litigation, and
(b) the instant proceeding was instituted through service of a warrant rather than a summons.
It is also suggested collaterally that if in any doubt (however slight) I should deny the present application since a denial may be reviewed by an appellate court while a granting thereof may leave the People without like remedy. Without delving too deeply into the basic tenability of this argument it is, I think, sufficient for present purposes to observe that I decline to take refuge in any such device and prefer to face up to my responsibility to decide on the merits the issue submitted to me.
Deeply conscious of the serious and possibly devastating effects of my decision on the several parties hereto, I have afforded them every opportunity to submit their various arguments to me and have waived every technical objection in order to permit argument by complainant’s personal counsel.
The same sense of responsibility has induced me to undertake a substantial amount of personal research into this very interesting and challenging question.
Such research as well as a consideration of the authorities suggested to me by defendant has served to convince me that the immunity of a nonresident voluntarily entering this State to defend pending litgation extends to both civil and criminal proceedings (Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 380).
In Netograph, our Court of Appeals distinctly stated: “ For present purposes it is enough to say that from the earliest times it has been the policy of the common law that witnesses should be produced for oral examination, and that parties should have full opportunity to be present and heard when their cases are tried. It is in furtherance of that policy and the due *49 administration of justice that suitors and witnesses from abroad are privileged from liability to other criminal and civil prosecution, eundo, morando, et redeundo.”
Nor have counsel submitted or independent research produced any authority supporting complainant’s contention that defendant here possesses no immunity from service of due process because he was brought here by means of a warrant rather than a summons. Kreiger v. Kreiger (7 Misc 2d 595, aifd. 272 App. Div. 880), a decision of Special Term, New York County, on which complainant heavily relies, is, in my judgment, wholly irrelevant to the instant issue. There the question considered was whether defendant had voluntarily come into New York State in connection with the initial litigation and it was there held that he had since his appearance was pursuant to a summons which, said Mr. Justice Schbiebeb (p. 596): “ cannot be regarded as a compulsory process ”. Here it is conceded that defendant came into this jurisdiction voluntarily and not in obedience to any “ compulsory process ”. Therefore it is, in my opinion, immaterial whether defendant was brought into this court by a summons or by a warrant. The single significant fact is that he is here only because he came into New York State voluntarily to defend the separation action instituted by his wife and that he was served with our process while thus in this jurisdiction.
We come then to the basic question as to defendant’s claim of imunity. On this issue defendant cites “ Hodges ” v. “Hodges ” (202 Misc. 71) whereas complainant relies upon Caldwell v. Caldwell (189 Misc. 845), both decisions by distinguished Justices of the Domestic Relations Court of the City of New York.
With the utmost respect for Justice Paukeit, the learned and revered Judge who wrote the Caldwell opinion (supra), I must confess that I have been unable, even after several readings of same, to discover the ratio decidendi thereof. I have, in this connection, been informed by counsel for complainant, that indirect inquiry of Justice Panken has suggested that he still believes that the decision there made was proper and that he would again so decide if the matter were again submitted to him. In any event I have reluctantly concluded that I cannot follow the Caldwell decision and that “ Hodges ” v. “ Hodges ” (supra) is a more convincing and compelling authority. As Mr. Justice Lobeítce said in “Hodges ” v. “Hodges ” (202 Misc. 71, 74, supra) : “ Notwithstanding my great respect for my said colleague and appreciating his desire to accomplish a just result *50 without circuitousness, I am constrained to differ with him. I cannot subscribe to the reasoning that the mere physical presence of the respondent Caldwell in court, at the time his motion to vacate the warrant of arrest under which he was brought into court was granted, ‘ found ’ the respondent within the city of New York, within the meaning and purview of the Domestic Relations Court Act and the decisions of the Court of Appeals. Justice at the price of overruling well-founded and long-established judicial precedent tends to confusion. The law is not a ‘ wilderness of single instances ’ but proceeds on established principles. These principles, I think, are violated by the decision in Caldwell v. Caldwell (supra) which, incidentially, was not reviewed by the Appellate Division. ’ ’
Being unable to perceive any material difference, either factual or legal, between “ Hodges ” and the present application, and believing, as I do, that the ‘ ‘ Hodges ’ ’ case properly held defendant there to be immune from service of process emanating from the Domestic Relations Court, I have decided to vacate the present warrant and to release defendant from any custody or responsibility thereunder. In so doing I take the liberty of adopting as my own the following language of Justice Lobence (p. 72): “It seems to me that the facts in the instant case are identical with the facts which were proved before Official Referee Wilson and that, therefore, the service of the summons in this case should be vacated under the ancient and well-settled rule that the respondent, a nonresident, having voluntarily come into the State for the purpose of appearing in a lawsuit, is immune from the service of process. Practically all of the leading cases on this question of immunity have been collected and set forth in a series of articles in the New York Law Journal of September 20, 21, 24 and 25, 1951 [see editorial pages]; and, more particularly, see Parker v. Marco (136 N. Y. 585).” Upon the oral argument before me, counsel for complainant asked that I stay the effect of an adverse order long enough to enable her to seek a further stay in an appellate court. Realizing as I do the great importance of this determination to both complainant and defendant I shall stay my order herein until January 8, 1960 so that complainant may, in the meantime, seek an additional stay elsewhere.
Submit order in accordance with the foregoing.