Samuel A. Spiegel, J.
Petitioner moves to quash a subpoena to appear before the Grand Jury on the ground that it was served on him while he was immune from process, as a nonresident, who had appeared in Bronx County voluntarily, solely for the purpose of defending himself in a conspiracy trial. The question to be determined is whether petitioner was here voluntarily in New York solely to defend himself and thus immune from the service of this subpoena.
Petitioner, a resident of New Jersey, was indicted for conspiracy by the Bronx County Grand Jury on June 12, 1968. At the time, he was employed in New York City, and had been so employed for many years. He was arraigned and bailed after voluntarily surrendering to the Bronx County District Attorney. He raised no issue that he was a nonresident who was not subject to -service of process. No extradition proceedings were required. In March, 1969, he was tried and acquitted. Upon leaving the courtroom after the termination of this trial, he was served with the subpoena, which is the subject matter of this motion, to appear before the Bronx Grand Jury.
Petitioner, in support of his motion, -states that at the time of the conspiracy indictment, he voluntarily, and not while in custody, traveled to New York to attend the session of the Supreme Court held in and for the County of Bronx, for arraignment and for trial. Further, that insofar as the trial in which he was a defendant had just been concluded, and he was without a reasonable opportunity to exit from the State of New York, he is immune from service of said subpoena. Petitioner relies upon the case of Thermoid Co. v. Fabel (4 N Y 2d 494). In the Thermoid case, the defendant Fabel upon learning of his indictment, traveled to New York from his home in North Carolina without compulsion, arrest or process. Unquestionably, his appearance in New York was in fact and in law voluntary, and the court said (p. 499): “We should, therefore, on authority and principle, apply to him the immunity *591 privilege and not the exception applicable in cases of compulsion only.”
Petitioner contends that, he, like Fabel, voluntarily appeared in this State without compulsion, arrest or process and was in New York voluntarily.
The District Attorney, on the other hand, contends that petitioner Lawlor had been an employee of the Bankers Trust Company for the past 20 years and had worked in the Bronx office of said bank. Further, at the time of the original indictment, Lawlor traveled daily to his place of employment in the State of New York and could be reached there. In addition, the District Attorney contends that Lawlor had actively participated in at least eight Bronx philanthropic and community organizations. The District Attorney further adds that Lawlor voluntarily surrendered, while he could have been apprehended at any time after the original indictment was returned in Bronx County, so as to avoid embarrassment at his place of business. These facts are not denied by petitioner.
Thermoid Co. v. Fabel (supra) held that persons voluntarily coming within the State of New York to answer charges are immune from service of process while within the confines of the State of New York. This is sound public policy. It encourages voluntary attendance to our courts and expedites the administration of justice. This policy also applies to service of a subpoena upon a defendant who voluntarily comes within the jurisdiction to answer a criminal charge (Matter of Robinson v. Stichman, 18 A D 2d 449).
However, the District Attorney contends that there is sufficient connection of the petitioner with the State of New York, particularly Bronx County, by virtue of his employment and other ties within the jurisdiction, to take Lawlor out of the nonresident category, thus distinguishing this case from the Thermoid and Robinson cases. In support thereof, the District Attorney cites Chauvin v. Dayon (14 A D 2d 146) and Cusumano v. Diacon Zadeh (5 A D 2d 139).
It is true that the purpose of the immunity rule is to encourage nonresidents to voluntarily appear in court without unnecessary complications, expense, effort and inconvenience. Litigants and law enforcement agencies would be frustrated and stymied if such were not the accepted public policy.
The District Attorney argues that Lawlor is not immune from service of his subpoena because he was not within the State of New York solely to attend his trial. Further, the special circumstances such as daily employment and activities in New York State do not bring Lawlor within the scope or *592 intent of the immunity granted to nonresidents in the Thermoid or Robinson cases.
Immunity from process, incidentally, applies in both civil and criminal proceedings (People v. Birnbaum, 21 Misc 2d 47).
In New York, immunity has been applied only on the “ sole purpose doctrine ”, that is, where the entrance to this State was for the sole purpose of trial. In civil suits, a nonresident defendant must appear in this State in a pending litigation even if for the sole purpose of claiming exemption, or immunity from service of process, or lack of jurisdiction (Chase Nat. Bank of City of N. Y. v. Turner, 269 N. Y. 397). In the event that a nonresident appears in this State other than for an appearance in a pending suit, then the basis for immunity from service of process is dissolved. When a nonresident appears in this State for the twofold purpose of attending court and also attending to some unrelated business, the exemption from service of process is likewise negated (Finucane v. Warner, 194 N. Y. 160). However, when said nonresident enters the jurisdiction for the sole purpose of appearing as a witness, as distinguished from a defendant, he is not required to refrain from other activity to be exempt from service of process (Union Water Development Co. v. Stevenson, 256 F. 981).
From the facts presented, the court is satisfied that petitioner was not entitled to immunity from service of process. His appearance in New York was not for the sole purpose of defending the criminal charge lodged against him. His appearance in New York to answer the charge was not in fact a “ voluntary ” one. It was arranged for his convenience and to avoid his possible embarrassment. Further, petitioner’s many years of employment in The Bronx, together with his civic activities in Bronx associations, coupled with the character testimony given by prominent Bronx citizens at his trial (par. “ Sixth” of moving affidavit) would indicate that though petitioner was a nonresident, by virtue of his home in New Jersey, nevertheless, his ties to New York City were such, that he would not be entitled to immunity from process under the principles enunciated in the cases of Thermoid Co. v. Fabel (supra) or Matter of Robinson v. Stichman (supra).
In the Thermoid case (supra) there was no employment in New York nor any other reason for coming except to surrender to the Federal court in New York. As he was leaving the courthouse, he was served with a summons and complaint in a civil action. The court granted his application for immunity from process.
*593 In the Robinson case (supra) there was likewise no reason for petitioner to come from California to New York other than to be arraigned on a criminal charge. He was found to be immune from service of a subpoena under these circumstances.
Consequently, petitioner was not immune during the conspiracy trial in Bronx County.
Accordingly, petitioner’s application to quash the subpoena served upon him at the conclusion of said trial, to appear before the Bronx County Grand Jury, is denied.
Petitioner is directed to appear before the Bronx County Grand Jury on a date to be fixed by the District Attorney of Bronx County.